## EARLE'S adm'x vs. HALE'S adm'r.

LANDLORD AND TENANT: *Estoppel.*

> A lessee, or one who comes into possession of the land under him by the assignment of the lease, and recognizes the right of the landlord by the payment of rent, cannot, so long as the title remains as it was when the tenancy accrued, deny the title of the landlord.

APPEAL from *Garland* Circuit Court.

Hon. J. M. SMITH, Circuit Judge.

*Howard,* for appellant.

*Clark & Williams, contra.*

WALKER, J.:

Hale brought suit in the Hot Spring Circuit Court against Joseph Earle and others for the use and occupation of a tavern house, situate in the valley of Hot Springs, in said county.

Hale alleges that he is the owner of a lot of land and a tavern house, situated in said valley, and was in actual possession of it. That he, on the —— day of ————, 1866, leased said house and lot to one Taylor, for four years, upon terms therein specified, by which Taylor was to occupy and use the lot for four years, pay to Hale rent for the same, without abatement for improvements made, and return the house to Hale at the expiration of the lease. That before the lease expired, Taylor assigned his deed of lease for the unexpired term, under which defendants entered. That Taylor and defendants paid the rents to plaintiff for the time the lots were held by Taylor, and that defendant paid several sums to Hale for rent afterwards, but refused after the expiration of the lease to make further payments. That after the lease expired defendants held possession and used the property until June, 1871.

Defendants admit the possession and occupancy of the house, but deny that they rented the house of plaintiff, or held possession under him ; deny plaintiff's title to the property, but admit that they went into possession under Taylor, who leased of plaintiff.

The material facts, as derived from the pleadings and the evidence, are that Hale, in 1840, bought of one Percival an improvement on lands belonging to the United States ; that he took possession of the improvement, and resided upon and occupied it as an actual settler ; that, being in such actual possession, he leased the house and lot to Taylor, by written lease, for four years, upon terms agreed upon. Taylor was to pay rent, and, without abatement for improvements made by him, at the expiration of the lease to deliver peaceable possession to Hale.

Before the time expired, Taylor assigned his lease, and under such assignment defendants took possession.

The grounds of the defense are that Hale had no title to the land, and that defendants did not rent of him, and are not his tenants.

If in fact Hale was in possession of the house, and rented or leased it to Taylor, and defendants entered under Taylor, and held under his unexpired lease, and so entering continued in possession, and after such entry paid rent to Hale, they must be held as tenants under Hale, and are estopped from questioning Hale's title to the land, or to the house and improvements upon it.

As between these parties it is a matter of no importance whether the United States was or not the legal owner of the property. The United States might, perhaps, in strictness, treat Hale as a trespasser, but as an actual settler upon public lands, his occupancy has not only been tolerated, but actually encouraged by several acts of Congress.

The houses and improvements upon the public lands have been recognized and held as the property of the occupant by acts of State legislation, and by many decisions of this court. They are held to be the property of the occupant, or party making the improvement of value, and the subject of transfer and sale. *Pelham* v. *Wilson*, 4 Ark., 289 ; *Cain* v. *Leslie*, 15 Ark., 312 ; *Glanton* v. *Anthony*, id., 543.

The only question presented, is not whether the plaintiff had, or not, a title to the lot and house, but whether the defendants derived their rights of use and occupancy of the house from plaintiff ; if such was the case, it is well settled that the tenant cannot dispute the title of the landlord under whom he entered. *Clemm* v. *Wilcox*, 15 Ark., 102.

If, however, the title of the landlord is extinguished, and the legal title has passed to another, then, from that time, the tenant

might interpose such defense, because, after the landlord had parted with his title, the tenant would be responsible to the true owner. In *Bettison* v. *Budd,* 17 Ark., 452, it was held that so long as the title remains as it was when the tenancy accrued, the tenant has no right to question his landlord's title.

The entry under Taylor's lease was, in effect, an entry under Hale. By force of the assignment of the lease, defendants took the place of Taylor, and were under like obligations to Hale. The payment of rents to Hale, after they entered under Taylor, was an acknowledgment·of the relations of tenant and landlord.

The several instructions given by the court to the jury, and to which exceptions were taken, were fully sustained by the authorities referred to, and for the giving of which there was no error.

The evidence fully sustained the verdict of the jury, and the court did not err in refusing to set aside the verdict and grant defendants a new trial.

Let the judgment be affirmed.