All the Justices concurring.

---

THE ST. LOUIS & SAN FRANCISCO RAILWAY COMPANY v.. L. E. MORSE.

1. DEPOSITION, *Error to Suppress.* It is error for the court to suppress a deposition for the reason only that it was taken during the term at which the case stood for trial.
2. ——— *Error.* It is error for the court to entertain an *oral* motion to suppress a deposition.
3. ——— *Error.* It is error for the court to entertain a motion made to suppress a deposition after the jury has been impaneled and sworn.

*Error from Greenwood District Court.*

THE opinion states the case.

*John O'Day,* and *E. D. Kenna,* for plaintiff in error.
*D. B. Fuller,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by L. E. Morse against the St. Louis & San Francisco Railway Company, to recover the sum of $499. The issues were made

up between the parties by the defendant's filing its answer to the plaintiff's petition on August 8, 1885. The record then shows, among other things, as follows:

· "Afterward, and on the 18th day of December, 1885, said cause was regularly called for trial; a jury was duly impaneled and sworn, and took their seats in the jury box; and thereupon the plaintiff by her attorneys moved the court, orally, to suppress the deposition of John O'Leary, taken at Oswego, Kansas, on the 10th day of December, 1885, for the reason and only reason that said deposition was taken during the term of court at which said case stood for trial. In support of the motion it was conceded that a notice in due form was served on the plaintiff on the 8th day of December, 1885, to take the deposition on the 10th day of December, 1885. It was further admitted that the notice was in every way regular and allowed the plaintiff sufficient time as provided by statute; and it was further admitted that on the second day of December this case was, by the consent of both parties, set down for trial on the 11th day of December, 1885. It was further admitted that by the usual route of travel plaintiff after the service of said notice could have had one whole day for preparation, and could have reached the place where said deposition was taken at the time named in the notice. It was further admitted that if the deposition had been completed on the 10th day of December, it could have reached this court by the usual course of mail before five o'clock P. M. of the 11th of December. It was further conceded that the deposition did reach the court on the 11th day of December."

It is further shown by the defendant in substance that the defendant's counsel did not know of the witness O'Leary or his evidence until after the case had been set for trial. The record then shows, among other things, as follows:

"And thereupon the court suppressed said deposition and refused to allow the same read to the jury, to which ruling and decision the defendant excepted. It was admitted by the court and counsel for the plaintiff that the deposition was both material and important for the defendant, and thereupon the defendant moved for a continuance of said cause for the reason that said deposition was suppressed, which motion the court sustained on condition that the defendant would pay the costs of the case, which would have aggregated at that time about $75. The defendant refused to pay these costs and to accept-

the terms imposed, and thereupon its application for a continuance was overruled, and the trial ordered to proceed, to all of which the defendant duly excepted at the time."

The following sections of the civil code have application to this case, to wit:

"SEC. 361. Every deposition intended to be read in evidence on the trial, must be filed at least one day before the day of trial."

"SEC. 363. Exceptions to depositions shall be in writing, specifying the grounds of objection, and filed with the papers in the cause.

"SEC. 364. No exception other than for incompetency or irrelevancy shall be regarded, unless made and filed before the commencement of the trial."

Unquestionably the court below erred in suppressing the deposition in this case, as it did, for the "only reason that said deposition was taken during the term of court at which said case stood for trial." (*Northrup v. Hottenstein,* just decided.) There is no statutory limitation with respect to the time within which depositions must be taken or filed, except that they "must be filed at least one day before the day of trial." (Civil Code, § 361.)

The court also erred in entertaining the *oral* motion of the plaintiff below to suppress the deposition. (Civil Code, § 363.) And the plaintiff in error, defendant below, claims that the court below also erred in entertaining the plaintiff's motion made to suppress the deposition after the jury had been impaneled and sworn. The plaintiff in error claims that a trial is commenced when the court and the parties commence to impanel the jury; that then the real contest begins; and this for the reason that the parties then examine and cross-examine the jurors upon their *voir dire* to ascertain their competency, and to know whether to challenge any of the jurors either for cause or peremptorily. We shall not decide this question. It would be well, however, if in cases of this kind such were the law as counsel for plaintiff in error claims, but ordinarily the word "trial" has a more limited signification.

For errors above mentioned, the judgment of the court below will be reversed, and the cause remanded for a new trial.

All the Justices concurring.