PETE KELLEY v. THE STATE.

*No. 1117.   Decided January 27th, 1897.*

*Motion for Rehearing Decided February 24th, 1897.*

**1.   Local Option—Order for Election—Description of Territory.**

Where the order for a local option election embodied within it the metes and bounds of the territory in which the election was to be and was held, the same is in no manner invalidated by calling the territory "School District No. 7," and appointing the "regular presiding officer of said School District No. 7" to hold the election; and it was immaterial whether "School District No. 7" had existence as a subdivision or not where the petition, order for election, and order declaring the result set out the identical metes and bounds in which the local option is shown to exist.

**2.   Same—Notices of Election.**

On a trial for violation of local option, it is for the defense to show, if such was the fact, that notices for the election were not ordered.

**3.   Same—Officer Holding the Election.**

The Commissioners' Court has authority to name any person to hold the election.

APPEAL from the County Court of Ellis. Tried below before Hon. J. C. SMITH, County Judge.

No statement necessary.

*John D. McRae,* for appellant.

*Nat P. Jackson* and *Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.— Appellant was convicted of violating the local option law, and fined $25, and given twenty days' imprisonment in the county jail; hence this appeal. Appellant reserved a bill of exceptions to the action of the court in permitting the order of the Commissioners' Court ordering the election in School District No. 7 to be admitted in evidence. This order has embodied within it the metes and bounds of the territory in which the election was to be held, and in

which it was held.   In addition to said metes and bounds, it is called "School District No. 7."   Said order appointed the "regular presiding officer of said School District No. 7" to hold said election.   Appellant urges that the information did not allege that an election was ordered. This question has been decided adversely to appellant in Key v. State, ante p. 77, and Willis v. State (No. 1080), ante p. 82.   It is also urged as an objection that it is not recited in said order that notices were ordered.   It has been held by this court that, if notices were not ordered, this was a matter of defensive proof.   See, Irish v. State, 34 Tex. Crim. Rep., 130, and Aaron v. State, 34 Tex. Crim. Rep., 103. In answer to the further objection that the court ordered the election to be held by a person or officer not authorized by law to hold the same, there was no proof on this question.   It is simply stated as a ground of objection; and it may further be stated that the Commissioners' Court has the authority to name any person to hold the election, and there is no contention, under the facts of this case, that the election was not held in accordance with the law.   With reference to the point made that "School District No. 7," as a subdivision, did not have an existence, we are of opinion that it did.   There is no proof in the record to the contrary.   All of the orders of the court wherein it was necessary to set out the metes and bounds of the subdivision indicate there was; but, if there was not, the petition for the election, the order ordering such election, and the order of the court declaring the result of same, all do set out the identical metes and bounds of the territory in which the local option election is shown to exist, definitely and specifically; and it is wholly immaterial whether there was a school district or not, the bounds being definitely and specifically set out in said petition, order for election, and order declaring the result thereof.   The information is sufficient.   See, Key v. State, ante p. 77.   The judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

DAVIDSON, JUDGE.—This case was decided by us at a former day of this term, and it now comes before us on motion for rehearing.   The questions suggested by appellant in his motion for rehearing in this case are the same as in case No. 1124—Jordan v. State (on rehearing), post p. 222.   For the reasons there indicated, the motion for rehearing in this case is overruled.

*Motion Overruled.*