## W. R. Chandler v. Frank McGinning and Marion McGinning.

### No. 141.

1. Landlord and Tenant—*Forfeiture of Lease for Non-payment of Rent.*  A provision of forfeiture in a contract of lease, upon non-payment of rent, cannot be enforced without demand of payment being duly made.

2. ———— *Privilege of Extension—Notice of Election to Extend.*  If a lease provides for an extension, the lessee need not give notice of his election to avail himself thereof unless the contract provides for such notice.

3. ———— *Election by Lessee—Notice to Lessor—Estoppel.*  If such election is made by the lessee before the termination of the specific term, at the request of the lessor, and the lessor, with the knowledge of the lessee, acts thereon respecting the premises, the election is binding on the lessee.

Error from Rooks district court; Charles W. Smith, judge.  Opinion filed November 12, 1898.  Reversed.

### STATEMENT.

PLAINTIFF in error, who was plaintiff below, sought to recover from the defendants in error the possession of real estate in an action of forcible entry and detainer in a justice's court, where the plaintiff had judgment. The defendants appealed to the district court, where a trial was had to a jury, and a demurrer to the evidence interposed by the defendants was sustained. The allegations of the complaint are that the defendants entered upon the premises as tenants of the plaintiff; that their term expired on the 1st day of August, 1896, and that they are unlawfully holding over. The assignments of error are that the court erred in excluding evidence; in sustaining the defendants' demurrer to the plaintiff's evidence; in rendering judgment for the defendants against the plaintiff, and in overruling the plaintiff's motion for a new trial. The lease contained a provision regarding the term thereof, as follows (beginning immediately after the description of the property) :

" With privilege of extension not to exceed one year, with the appurtenances, for the term of six months, to commence the 1st ·day of February, A. D. 1896, at the monthly rental of six dollars, payable monthly ; provided, that in case any rent shall be due and unpaid, or if default shall be made in any of the covenants herein contained, then it shall be lawful for the said party of the first part or his attorney to reenter the premises and to put out the parties of the second part," etc.

*M. C. Reville,* for plaintiff in error.

*W. B. Ham,* for defendants in error.

The opinion of the court was delivered by

MAHAN, P. J. : Under his first assignment of error, the plaintiff has not complied with the rule of this

court in setting out the evidence rejected by the court below, nor is any mention made of such evidence in the argument contained in the brief.   We will not give it any consideration.

Under the second assignment of error, plaintiff contends that there was sufficient evidence to go to the jury upon the contention that there was a forfeiture and determination of the lease by a reentry for nonpayment of rent.   It is well settled that no forfeiture can be declared for non-payment of rent without a demand therefor, and it is admitted that no such demand was made.   There was an attempt to reenter, but it was without lawful authority and resulted in nothing. The supreme court decided, in *Kellogg v. Lewis*, 28 Kan. 535, that a justice has no equitable jurisdiction or power and can only determine the rights of parties as they appear at law, and that the jurisdiction of the district court on appeal is the same as that of the justice, the title to the premises not being in dispute ; hence, the district court has no jurisdiction to decree a forfeiture in such a case.

The next contention is that there was sufficient evidence to go to the jury on the claim that there was an election on the part of the defendants not to avail themselves of the extensions provided for in the lease. It is not put squarely on this ground by counsel, but this is the legal effect of the contention.   It is doubtless the law that such election may be exercised before the last day of the term expressed in the lease. There was evidence that ought to have been submitted to the jury that the defendants had elected to terminate the lease on the 1st day of August, or rather not to take advantage of the extension provided for.   There was evidence tending to show that the plaintiff had relied on this election, to the knowl-

edge of the defendants. Under proper instructions, the case should have been submitted to the jury to determine whether the defendants had so elected not to avail themselves of the privilege of the extension. Counsel for plaintiff in error contends, under this assignment, that it was necessary that the lessees give due notice of their election before the termination of the six months' term. There was no requirement of notice in the contract, and it is well settled that where none is required, none need be given. Nevertheless, it was the privilege of the landlord to call on the defendants to exercise their option, so that he might be advised and shape his plans accordingly, and he might rely on such election.

Because of this exclusion of evidence, the judgment of the district court must be reversed, with instructions to award to the plaintiff a new trial.