SAMUEL W. HILT *et ux.* V. THEODORE GRIFFIN.
No. 15,059. · (90 Pac. 808.)

1. PRACTICE, SUPREME COURT—*Misconduct—Waiver.* Objection
to the opening statement of counsel having been first made in
the motion for a new trial, it was said the complaint came too
late.

2. PRACTICE, DISTRICT COURT—*Motion to Suppress Depositions.*
A motion to suppress depositions, made after the jury were
sworn to try the case, was denied, the court reserving its
ruling on the evidence until it was offered on the trial. It
was said this was not error.

3. FORECLOSURE PROCEEDINGS — *Parol Evidence — Estoppel —
Venue.* In a suit to foreclose a mortgage on separate tracts of
land lying in different counties it was said that, under the
circumstances: (1) Evidence was admissible to show that a
deed was intended as security; (2) evidence concerning the
conveyance was admissible against the mortgagor's wife
although she was not a party thereto, she having filed a joint
answer with her husband and claimed the benefits of the
transaction; (3) the suit might have been brought in either
county in which the land was situated.

Error from Wyandotte district court; J. McCABE
MOORE, judge. Opinion filed June 8, 1907. Affirmed.

*Miller, Buchan & Miller,* and *Samuel W. Hilt,* for
plaintiffs in error.

*Reed & Reed,* for defendant in error.

*Per Curiam:* Samuel W. Hilt and wife, who reside
in the state of Missouri, purchased a farm from Theo-
dore Griffin which is located in Leavenworth county,
Kansas. The purchase-price of the farm was repre-
sented by promissory notes of $1000 each, made pay-
able one each year, successively. These notes were
secured by a mortgage on the farm and also by a mort-
gage on forty acres of land situated in the state of Mis-
souri. There was also a note for $250 transferred to
Griffin.

Sometime afterward the Hilts wanted the mortgage

on the forty acres released, which the plaintiff did, and received in place thereof property in Armourdale, Wyandotte county, Kansas. Default having occurred, a suit to foreclose the mortgage and other securities was commenced by Griffin in the district court of Wyandotte county. He recovered judgment, and a decree of foreclosure was rendered. The defendants are dissatisfied, and have brought the case here for review.

Complaint is made of the opening statement of the plaintiff's counsel to the jury. We have examined the statement and are unable to find anything seriously objectionable therein. No objection was made to it when delivered, nor afterward until the presentation of the motion for a new trial, when the court was informed that this was what counsel had in mind when "misconduct of the jury or prevailing party" (Gen. Stat. 1901, § 4754) was written in the motion. It was then too late for the court to make any order which might have prevented injury or do anything to avoid the supposed error. The complaint comes too late. (*St. L., Ft. S. & W. Rld. Co. v. Irwin,* 37 Kan. 701, 16 Pac. 146, 1 Am. St. Rep. 266.)

It is urged that the court erred in denying a motion to suppress depositions on the ground that the evidence was incompetent and hearsay. The motion was presented after the jury were sworn to try the case. The court denied the motion and reserved its ruling on the evidence until it was offered on the trial. This is the usual practice, and is not erroneous.

The defendants claim that the release of the mortgage on the forty acres and the conveyance of the Armourdale property in place thereof was not a mere exchange of security but an absolute conveyance of the Armourdale property at a stipulated price, to be applied on the notes in suit. The court admitted evidence to show whether the deed was intended as security or not. We see no error in this. (*Moore v. Wade,* 8 Kan. 380; *McDonald & Co. v. Kellogg, Trustee,* 30 Kan. 170,

2 Pac. 507.)  The object of this conveyance, whether as security or not, was a question of fact and was properly submitted to the jury.

It is urged that the evidence concerning the conveyance of this property is not admissible as against the wife of S. W. Hilt, she not having been a party thereto. She, however, filed a joint answer with her husband, in which she recites the transactions and insists upon the benefits which she claims accrued to her thereby. She demands that the conveyance be declared absolute and that she receive a credit of $1250 on account thereof. Under such circumstances we see no error in the admission of evidence to show the true situation.

It is further contended that the court did not have jurisdiction to foreclose a mortgage on land in another county. The Armourdale property, having been taken as security in place of the Missouri land, took its place in and became a part of the mortgage being foreclosed. Therefore the situation was the same as if the Armourdale property had been originally included in the mortgage on the Leavenworth county farm, in which case the mortgage might have been foreclosed in either county. The jury made special findings of fact, by which it appears that the $250 note, the Armourdale property and the Leavenworth county farm were all held by the plaintiff as security for the payment of the notes sued on.

There are other minor and unimportant questions suggested by the defendants, which we have examined but are unable to find error in any of them, and their further consideration is unnecessary. The judgment of the district court is affirmed.