INDIAN LAND & TRUST CO. v. G. L. CLEMENT.

No. 837, Ind. T.    Opinion Filed September 10, 1908.

1.    LANDLORD AND TENANT—Dispute of Landlord's Title by Tenant. As a general rule, when a tenant is sued for possession on the expiration of his term, he cannot dispute the title of his landlord nor set up a paramount title in himself, or a third person, but he may show that the landlord's title has expired by limitation or by operation of law subsequent to the beginning of his tenancy.

2.    SAME—Failure to pay Rent—Right of Re-entry—Common Law. At common law, he who claims a right of re-entry for breach of covenant to pay rent must have demanded payment of the same in the precise sum due on the day it was due at some convenient hour before sundown on that day on the demised premises at the most notorious place thereon.

3.    SAME—Forfeiture Avoided by Tender of Rent Before Suit. Forfeiture for nonpayment of rents cannot be claimed by the landlord, under section 4170 of Mansfield's Digest of the Statutes of Arkansas, where the tenant, subsequent to the maturity of the

rents, but before suit is brought under said section, tenders to the landlord all rents due and interest thereon from maturity.

4.   EVIDENCE—Must Support Issues. Evidence offered by plaintiff which does not support any issue made by the pleadings should be excluded.

(Syllabus by the Court.)

*Error from United States Court of Indian Territory for Western District, at Wewoka.*

Action of unlawful detainer by Indian Land & Trust Company against G. L. Clement. Judgment for defendant, and plaintiff appealed. Reversed.

This cause comes to this court from the United States Court of Appeals of the Indian Territory under the provisions of the Enabling Act, and was originally brought in the United States Court for the Western district of the Indian Territory, at Wewoka. It is an action of unlawful detainer by plaintiff in error, who was plaintiff in the court below, against the defendant in error, who was defendant in the court below, for the possession of a tract of land in the Creek Nation of the Indian Territory. The allegations of the complaint are that plaintiff had leased the premises in controversy. to defendant for the year 1903; and that his term under said contract expired on December 31, 1903; that defendant held over after the expiration of his term, and refused to surrender possession of the premises after demand therefor as by law provided.

Defendant in his answer admits that he occupied the land as tenant of plaintiff during the year 1903 under a lease contract which terminated on the 31st day of December, 1903, but denies that he wrongfully and unlawfully continued in possession of the premises; and, further answering, he alleges that plaintiff held and occupied the land in controversy during the year 1903 by virtue of and under a lease contract with the Wewoka Realty & Trust Company for a term of five years from the first day of January, 1903; that by the terms of said con-

tract, defendant agreed to pay as rents on the land in contro-
versy the sum of forty dollars per year, to be paid on the first
day of each year, and that upon its failure or refusal to pay the
rents as provided in the contract, the Wewoka Realty & Trust
Company should have the right upon notice to plaintiff to enter
the premises and determine plaintiff's estate therein and take
possession of said land without recourse to law. He alleges that
plaintiff failed and refused to pay to the Wewoka Realty & Trust
Company on the first day of January, 1904, the rents then due
upon the land for said year and that the Wewoka Realty & Trust
Company exercised its right of forfeiture under the contract and
forfeited plaintiff's lease thereon, and that subsequent to the time
the Wewoka Realty & Trust Company exercised its right of for-
feiture defendant was notified by said company to quit posses-
sion of the land in controversy and that thereupon defendant en-
tered into a contract with the Wewoka Realty & Trust Company
to occupy said lands for a period of four years beginning the
first day of January, 1904.

The case was tried before a jury and verdict returned and
judgment rendered in favor of defendant, from which judgment
plaintiff appealed. The further facts will be stated in the
opinion.

*W. M. Mellette, Preston C. West,* and *T. T. Baker,* for plain-
tiff in error.

*John W. Willmott,* for defendant in error.

HAYES, J. (after stating the facts as above). The facts
which determine the rights of the parties in this case are uncon-
troverted. The land in controversy was allotted by Jennie Peter,
who, by two contracts, dated respectively the 3rd of September,
1902, and the 19th day of March, 1903, leased the same to the
Wewoka Realty & Trust Company, a corporation of Wewoka, In-
dian Territory, for a term of five years beginning the first day
of January, 1903. The Wewoka Realty & Trust Company on
the 10th day of December, 1902, executed a lease to H. B. Gooch

by which it leased said land to Gooch for a period of five years beginning the first day of January, 1903, for a consideration of an annual rental of forty dollars, to be paid in the following manner: "The first year's rent to be paid upon the signing and delivery of this contract, the rent for the following year to be paid upon the first day of January of each year," and for the further consideration that Gooch agreed to put in cultivation at least eighty acres of the land and to fence said land hog-tight and the remainder of the land to be fenced with a three wire fence, all to be left in good condition at the expiration of the lease. The lease contract also contained this further clause:

"Should the party of the second part, from any cause, fail or refuse to pay the rent herein provided, in the manner herein specified, then and in that event the party of the first part may upon notice to the party of the second part, enter upon the premises and thereby determine the estate hereby created, and take possession of said lands without recourse at law."

On the 20th day of December, 1902, H. B. Gooch assigned his lease contract with the Wewoka Realty & Trust Company to plaintiff herein. Plaintiff, as alleged in its complaint, rented the land for the year 1903 to defendant, who occupied the same during said year under said lease. The Wewoka Realty & Trust Company, both before and after the first day of January, 1904, notified H. B. Gooch that the annual rental of forty dollars would be due by him under his contract on the first day of January, 1904, and demanded payment thereof, but no demand of payment of the same, was made by the Wewoka Realty & Trust Company on the demised premises on said date. On the 11th day of January, 1904, plaintiff instituted this suit. On the same date the Wewoka Realty & Trust Company served a written notice upon defendant to vacate the premises in controversy. service of which notice was accepted by defendant. On the day following, which was the 12th day of January, 1904, a written notice was served upon H. B. Gooch by the Wewoka Realty & Trust Company notifying him that it elected to forfeit its rental con-

tract with him on account of his failure to pay the rental as agreed upon in the contract, which rental became due on the first day of January, 1904, and demanded that he vacate and deliver possession of the premises in controversy and that if he failed to do so within five days from the date of the notice, proper steps would be taken to oust him from the premises. On the 16th day of January, 1904, defendant entered into a contract with the Wewoka Realty & Trust Company whereby he rented from said company the land in controversy for a period of four years beginning the first day of January, 1904. The terms, conditions, and consideration of said contract were the same as the terms, conditions, and consideration of the contract from the Wewoka Realty & Trust Company to Gooch. On the 20th day of January, 1904, the Indian Land & Trust Company tendered to the Wewoka Realty & Trust Company the sum of forty-one dollars, forty dollars of which was tendered as the annual rental due by the Indian Land & Trust Company on the premises for the year 1904 and one dollar as interest on said amount from the first to the twentieth of January. The Wewoka Realty & Trust Company refused to accept the same.

The writ of possession was served in this action upon defendant who gave bond and retained possession of the premises. After all the evidence was introduced at the trial of the cause, plaintiff moved the court to instruct the jury to return a verdict for plaintiff for possession of the premises and to submit to the jury only the question of the amount of the plaintiff's damages, which motion the court overruled, and this action of the court is one of the errors assigned by plaintiff for a reversal of this cause.

The defense relied upon by defendant in this case is that plaintiff's estate in the premises had been forfeited by it prior to the beginning of this action, and if he is correct in this contention, his defense is a good one; for, while it is a general and familiar rule that a tenant shall not be allowed to dispute the title of his landlord, there is the well-established exception to the general rule that a tenant may show that his landlord's title has

expired or been extinguished since the creation of the tenancy. The exception to the rule is as well established as the rule itself. *Farris v. Houston,* 74 Ala. 162; *Winn v. Strickland,* 34 Fla. 610; *Born & Co. v. Stafford,* 93 Ill. 10; *Bettison v. Budd,* 17 Ark. 552; *Earle's Administrators v. Hale's Administrators,* 31 Ark. 470.

It remains to be determined whether plaintiff's rights under its lease with the Wewoka Realty & Trust Company had become forfeited subsequent to the beginning of defendant's tenancy, and prior to the institution of this suit. The question we think must be answered in the negative. At common law a refusal or neglect to pay rent does not work forfeiture of the term unless the lease contract contains express conditions of forfeiture in case of non-payment of rent. Forfeiture for non-payment of rent has always been regarded as a harsh remedy, liable to produce hardships upon the person against whom the forfeiture is claimed, and has never been favored by the law. He who claims a forfeiture for non-payment of rents must have strictly complied with the requirements of the common law in order to avail himself thereof. Under the common law before a right of re-entry existed for breach of a covenant to pay rents, the rent must have been demanded in the precise sum due on the day it was due at some convenient hour before sun-down on that day, on the premises, and at the most notorious place thereon, and if there be a dwelling house, at the front door thereof. Taylor's Landlord and Tenant, Vol. 2, paragraph 493. A strict compliance with this rule is required by the courts before they will enforce a forfeiture for non-payment of rents, and the slightest failure to comply with the same in any of its requirements relieves the tenant of the forfeiture and operates as a waiver of the right of the landlord to insist on a forfeiture of the tenant's estate. The demand for payment, if the contract stipulates a place of payment other than on the demised premises, may be at such place. The contract in the case at bar contains a provision for forfeiture in the case of non-payment of rent, but no place of payment is stipulated in the contract, and therefore under the common law demand for pay-

ment, in order for the Wewoka Realty & Trust Company to have claimed its forfeiture, should have been made upon the demised premises. The requirements of the common law rule that demand for the rent be made on the day the rent matures, on the demised premises, may be waived by express stipulation in the contract, but such was not done in the case at bar.

The contract between the Wewoka Realty & Trust Company and Gooch provides that upon failure of Gooch to pay the rents as provided in the contract, the trust company "may upon notice to the party of the second part enter upon the premises and thereby determine the estate hereby created and take possession of said land without recourse to law." What notice is contemplated by this language of the contract is not entirely clear. but it is immaterial whether the notice contemplated by this provision was that the trust company should give notice to Gooch of its intention to re-enter the premises, for if such be the correct construction of the clause, it does not constitute a waiver of demand for payment on the day the rent was due, as required by the common law rule; or whether by the notice stipulated it was intended to provide that the demand of payment be made, for in that event, it not being provided that the demand might be made at any time after the rents mature, the parties would be presumed to have contracted for the demand the common law requires. The Wewoka Realty & Trust Company did not comply with the requirements of the common law rule for a forfeiture, and therefore no forfeiture resulted unless by virtue of some statutory provisions.

Chapter 42, on Landlord and Tenant, of Mansfield's Digest of the Statutes of Arkansas, in force in the Indian Territory at the time of the institution of this suit, provides as follows:

"(Sec. 4170) Whenever a half-year's rent or more is in arrear from a tenant, the landlord, if he has a subsisting right by law to re-enter for the non-payment of said rent, may bring an action to recover the possession of the demised premises."

Section 4171 provides how service of summons may be made in such actions. Section 4172 provides that "the service of sum-

mons in such action shall be deemed and stand instead of a demand of the payment of rent in arrear and for a re-entry of the demised premises."

Section 4174 reads:

"If the defendant, before judgment is given in such action, either tenders to the landlord or brings into court all the rent in arrear and all cost, all further proceedings in the action shall cease."

There was clearly no forfeiture of plaintiff's estate in the demised premises under these provisions of the statute. No suit for possession was ever brought by the Wewoka Realty & Trust Company. No summons was ever issued and served which might, under section 4172, have answered the purpose of a demand. Plaintiff, who remained in possession through defendant, its tenant, tendered payment of the rent and interest thereon for the year 1904 within about twenty days after the same became due, and before suit was brought. It was thereby relieved of any forfeiture. No suit for possession of said premises has ever been brought by the Wewoka Realty & Trust Company and if suit had been brought by said company and plaintiff had tendered into court, before judgment rendered, all rents due and costs of the action up to date of tender, the proceedings would have been discontinued and plaintiff relieved from any forfeiture. *Wilcoxen v. Hybarger*, 38 S. W., 779.

Defendant, over the objection of plaintiff, was permitted to introduce evidence to the effect that the Indian Land & Trust Company had entered into a contract with Jennie Peters, the lessor of the Wewoka Realty & Trust Company, covering the same period of time as the lease from the Wewoka Realty & Trust Company to Gooch, and to introduce the record of such contract, and, further, to introduce evidence to the effect that the Indian Land & Trust Company had been contemplating and had repudiated the title of the Wewoka Realty & Trust Company. The contract between the Indian Land & Trust Company and Jennie Peters was executed in the month of August, 1904, more than a

year after this suit was instituted, and therefore could not in any event have affected plaintiff's right of recovery at the time this suit was instituted. The admission of this testimony was error for the reason that defendant's answer did not allege and set up as a defense to this action that the estate of plaintiff in the premises in controversy had been forfeited by reason of its disclaiming the title of the Wewoka Realty & Trust Company, nor that the Wewoka Realty & Trust Company ever claimed a forfeiture for such reason, and the evidence in fact does not disclose that the Wewoka Realty & Trust Company had ever claimed a forfeiture for any reason other than for non-payment of rents. Such evidence was not given in support of any issue raised by the pleadings, and, upon objection by plaintiff, should have been excluded.

The judgment of the trial court is reversed and the cause remanded.

All the Justices concur.