## WELCHI v. JOHNSON.

No. 661.　　Opinion Filed November 16, 1910.

1. **JUSTICES OF THE PEACE—Jurisdiction—Forcible Entry and Detainer.** Under the laws extended in force in the state upon its admission by section 2 of the Schedule to the Constitution, courts of justices of the peace have jurisdiction of forcible entry and detainer actions.

2. **LANDLORD AND TENANT—Disputing Title by Tenant.** As a general rule, a tenant cannot dispute the title of his landlord nor set up a paramount title in himself or others; but he may show that the landlord's title has expired by limitation or by operation of law subsequent to the beginning of his tenancy.

(Syllabus by the Court.)

*Error from Seminole County Court; T. S. Cobb, Judge.*

Action by J. Coody Johnson against Henry Welchi. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*J. A. Baker,* for plaintiff in error.
*Crump, Rogers & Harris,* for defendant in error.

HAYES, J. Defendant in error, who, for convenience, will hereafter be referred to as plaintiff, on the 3rd day of January, 1908, began his action for forcible entry and detainer against plaintiff in error, who will, for convenience, be referred to as defendant, in one of the justice courts of Seminole county to obtain possession of the south half of section 22, township 9, range 8 East, I. M. He obtained judgment in that court, from which an appeal was taken to the county court. Upon a trial in that court, plaintiff

again prevailed; and from a judgment in his favor, this proceeding is prosecuted.

Defendant in his brief states that there are three questions involved in this case. He sets them out and states in connection therewith that he does not abandon any question contained in the record, but that the petition in error and motion for a new trial and all the questions therein raised are still insisted upon. Of the three propositions suggested in his brief for reversal, only two are supported with argument or citation of authorities. Defendant cannot, by a reference in his brief to the specifications of error in his petition and a general statement that he relies upon all of them, have same reviewed. By rule 25 (20 Okla. xiii) one who desires to have errors complained of reviewed is required to set fourth separately and number same in his brief and to give thereunder argument and authorities in support of each point relied upon; and, where this is not done, as to any specifications of error in the petition, the same will be considered to have been waived.

The first assignment urged for reversal is that the justice court, at the time of the institution of the action therein, had no jurisdiction to try cases of forcible entry and detainer. This question was directly presented to and passed upon by this court in *Bowman et al. v. Bilby*, 24 Okla. 735, where the question was decided adversely to plaintiff's contention; and, upon authority of that case, this assignment must be held to be without merit.

Defendant, on the 20th day of March, 1905, under a rental contract for a period of five years from January 1, 1905, entered upon and took possession of the land in controversy and has continued to occupy same since said date. He paid the rents thereon for a time; but at the time of the bringing of this action he had become delinquent in the payment of the rents, and there was a balance due and unpaid under the contract which he failed and refused to pay. Plaintiff gave notice to defendant terminating the contract and demanding possession of the premises.

Defendant's defense as to one quarter-section of the land is that plaintiff's title to said quarter, at the time defendant entered

under his contract, was derived from a lease contract from one Cornelia Williams, the owner of the land; that she had leased said quarter to plaintiff for a period of five years, beginning April 2, 1903; that after this lease expired Cornelia Williams demanded that defendant leave the premises. Whereupon, defendant entered into a contract with her for five years; that afterwards plaintiff bought the land from Cornelia Williams, with full knowledge of defendant's lease from her and with an agreement on the part of plaintiff with Cornelia Williams, as part of the consideration for the sale of the land to him, that plaintiff would carry out her lease contract with defendant. Evidence was introduced by defendant tending to establish this defense, but the court instructed the jury, over defendant's objection, that as to this particular quarter, if the jury found from the evidence that defendant had leased the land for a period of five years from plaintiff and failed and refused to pay the rent, when the same became due under the contract, and plaintiff had notified defendant to leave the premises three days before the bringing of this action, their verdict should be for the plaintiff for possession of that quarter and also for possession of the other quarter, unless they found for defendant under another instruction given by the court; and by other instructions given and complained of, the jury was instructed that defendant could not question the title of plaintiff. These instructions, as given under the issues and evidence in this case, were erroneous. It is a general rule that a tenant who does not surrender back to his landlord possession of the demised premises will not be permitted, so long as he holds the possession which he originally derived from his landlord, to deny his landlord's title. But this rule is limited to the title that the landlord had at the inception of the tenancy. The tenant is only estopped to deny that which he has once admitted. When he takes possession under the landlord, he thereby admits the title under which the landlord then holds, and the landlord's right to execute the contract under which defendant takes possession; and the tenant is forbidden to thereafter deny such title or right as long as he retains possession of

the premises and enjoys the benefit of the contract; but he may show that the right and title of the landlord existing at the creation of the tenancy has since that time been terminated, expired or extinguished. *Indian Land & Trust Co. v. Clement,* 22 Okla. 40; 24 Cyc. p. 951, and authorities there cited.

If plaintiff's title held by him at the creation of the tenancy expired as contended by defendant, no right of recovery in him exists at this time, unless he has subsequently acquired a right or title which entitles him to possession. Had plaintiff not purchased from Cornelia Williams the land in controversy, it could not be contended that defendant is estopped from denying plaintiff's title, because the only title he would have in that event would be under his lease contract from Cornelia Williams, and that has expired. He acquired no right by virtue of his purchase of the fee from Cornelia Williams which he can enforce in this action, if he took that title with the agreement to recognize the rights of defendant under his contract with Cornelia Williams, for defendant can be dispossessed only when that contract expires or some' act is done by him that terminates it. As the purchaser from Cornelia Williams, plaintiff stands in her shoes. As the original landlord of defendant, plaintiff's title has expired, and with it, his right of possession under the original contract.

For the errors in the instructions complained of, the judgment of the trial court is reversed, and the cause remanded.

All the Justices concur.