## WELCH v. CHURCH.

No. 6351.   Opinion Filed February 15, 1916.

(155 Pac. 620.)

1. **DEPOSITIONS—Objections—Waiver.** Exceptions to depositions should be presented to the court before the trial is commenced, and if not they are waived, and it is error, after the jury has been sworn, for the court to suppress the depositions, where the testimony is material and necessary in order to establish the facts disclosed therein; but the proper practice is to overrule the exceptions then and to pass upon the objections to competency, etc., when the same is offered in evidence.

2. **FIXTURES—Pleading—Replevin.** Petition in this case stated in opinion. and same is held to be sufficient to show that the

building in question was personal property and that plaintiff is entitled to maintain an action in replevin therefor.

3.    **FIXTURES—Termination of Tenancy—Recovery of Personalty —Buildings.** Agreement and intention of the parties may alone determine the character of improvements placed upon real estate, and where a building is placed upon the lot of another. with the positive agreement between the owner and the lessee that same should remain the personal . property of the lessee and might be removed therefrom, the same is personalty, and replevin may be maintained therefor by the lessee; and this is true, even though the lot is sold to a third party, provided the third party has notice of the character of the improvements thereon.

4. .    **LANDLORD AND TENANT—Forfeiture of Lease—Nonpayment of Rent—Demand.** Forfeitures are not favored in law, and a lease cannot be forfeited for nonpayment of rent unless demand is made for the payment of same.

(Syllabus by Hooker, C.)

*Error from Superior Court, Custer County;
J. W. Lawter, Judge.*

Replevin by A. J. Welch against W. W. Church. Judgment for defendant, and plaintiff brings error. Reversed.

*A. J. Welch, in pro. per.*

*Chas. T. Randolph,* for defendant in error.

Opinion by HOOKER, C.    This suit in replevin was instituted in the justice court. A judgment was rendered in favor of the defendant in error, from which the plaintiff in error appealed to the superior court of Custer county, and the cause was tried anew in March, 1913. The amended bill of particulars, upon which the action was tried, alleges that on the 29th day of March, 1904, the Schlitz Brewing Company leased from L. & G., the then owners of said property, the south 40 feet of lot 1, block 31, Clinton, Okla., for a period of ten years, from April 1, 1904, and that the said lease was in writing and

duly recorded in the office of the register of deeds of Custer county, Okla.; that the purpose and intention of said lease, and the understanding between the lessor and lessee, was that upon said lot the company would build a certain storage and icehouse as trade fixtures, in which lessee was to keep its ice and beer; that it was specifically understood and agreed, and was the intention of both parties to the lease at the time the same was executed, that the building to be erected thereon was to be and remain the personal property of the company, which held and retained the right to remove said personal property at any time; that after the execution of the lease the company erected a building thereon in accordance with the intention of the parties aforesaid; that said improvement placed upon said lot was personal property and was built and rested upon the land, and that the same does not constitute a part thereof, and can be removed without injury to the lot or land on which it is located; that the defendant, W. W. Church, on May 15, 1911, bought the tract of land on which the house is located, but did not buy the building, and at the time he bought the land he had actual, as well as constructive, notice that said Brewing Company was the owner of the building and had the right to remove the same. The defendant in error claimed the property by virtue of purchase from one Thompson, who had purchased the property some time prior thereto, from its owners at the time the lease was executed. The defendant further denied any knowledge of the rights of the Brewing Company to the building in question, and contended that the company had failed to pay him, the owner of the land, any rent, and that he retook possession of the property and the company had forfeited all their rights as a lessee under said lease, and that he was the

owner of said property, and denied the right of the plaintiff in error to recover the same. The evidence in the case shows that the lease was executed by L. & G. to the Brewing Company on the 29th day of March, 1904, and that the lease was duly filed of record in the office of the register of deeds in Custer county; that by the terms of the lease the Brewing Company was to pay $1 per year on the 1st day of April of each year, during the continuance of said lease, and was to quit and deliver up the same to the lessor, or their assigns, at the end of the term, and that the lessors might expel the lessee if it should fail to pay the rent, or if it assigned the lease, without the consent of the lessor in writing; that on the 15th day of May, 1911, B. H. Thompson and his wife sold and conveyed the real estate aforesaid to the defendant, W. W. Church, by deed of that date, and that the granting clause of said deed excepts the icehouse now situated on the land described herein; that on the 13th day of April, 1912, the said W. W. Church, some 11 months after this deed to him was delivered, wrote a letter to the Brewing Company, which is as follows:

"CLINTON, OKLA., 4-13-12.

"Schlitz Brewing Co., Milwaukee, Wis.—Gentlemen: As you probably know, I purchased from Mr. Thompson last May the 40 feet of the south end of lot 1, block 31, town of Clinton, upon which stands an old icehouse belonging to your company. This has been vacant ever since the day I purchased the property, and I am writing to say that if you want to rent it to me at $5 per month I can probably use it. Please be kind enough to give me an answer by return mail.

"Yours very truly,       W. W. CHURCH."

To which letter the company replied as follows:

"APRIL 16th, 1912.

"Mr. W. W. Church, c/o Clinton Alfalfa Mill Co., Clinton, Oklahoma—Dear Sir: We are in receipt of your favor of the 13th inst., and in reply beg to advise that we will rent you the icehouse in your city at $5 a month, from month to month, and you may start this lease immediately upon sending us a check for the amount of $5.

"Yours very truly,     SCHLITZ BREWING CO.,

"GEO. UHLIEN."

Thereafter on the 20th day of April, 1912, the defendant in error wrote the company the following letter:

"CLINTON, OKLA., 4-20-12.

"Schlitz Brewing Company, Milwaukee, Wis.—Gentlemen: In regard to the icehouse on my property in this city I would say that I have examined the lease made by you and find that said lease expires April 1st, 1914, and that by the terms of the lease will revert to owner, and the lease also clearly states that the property cannot be sublet by lessee without the consent of the lessor, his heirs or assigns. This means that within two years the icehouse will revert to me, and that in the meantime it cannot be sublet without my consent. As I wrote you some days ago, the icehouse has been standing vacant and brings you no revenue, and I thought I might use it by the month, and then would only use it for only a few months. I am writing you to make you this proposition, which, in view of the situation, I think you will consider a fair one: If you will cancel or assign lease to me, I will, in view of the fact that I would thereby get the use of the icehouse earlier than otherwise, give you $40 cash. Kindly advise me at once if this is satisfactory to you.

"Yours truly,     WM. W. CHURCH."

On May 9, 1912, the company replied to this letter, declining to sell the icehouse at $40, but expressed their willingness to rent it at $5 per month, and also informing

Mr. Church of the agreement under which the improvements were placed upon said property. In May, 1912, the defendant in error caused his grantor, B. H. Thompson, and wife, to execute to him a new deed, which eliminated the reference to the icehouse in the old deed, and conveyed the property subject to the terms and conditions of the lease held by the Schlitz Brewing Company. This deed was never recorded by Mr. Thompson.

Upon the trial there was evidence *pro* and *con* upon the proposition that it was generally known and understood in the vicinity that the improvements placed upon this property belonged to the Brewing Company, and not to the owners of the land. The jury returned a verdict in favor of the plaintiff in error, and thereafter the court rendered judgment in favor of the defendant in error, notwithstanding the verdict of the jury, and to reverse this judgment the plaintiff in error has appealed to this court.

Prior to the trial of this case the plaintiff in error had taken the deposition of one Meuller, who was connected with the Schlitz Brewing Company, which deposition contained some evidence that was very material to the issues in this case, seeking to establish the agreement that was made between the company and the then owners of the land, as to the intention of the parties at the time the building was erected upon the real estate, and as to the right of the company, by consent of the landowner, to remove the building at the termination of the lease, etc. Exceptions were filed to this deposition by the defendant in error several days before the trial, but the record discloses that the exceptions filed were not called to the attention of the trial court until the jury had been sworn and the deposition was offered in evidence,

and thereupon the defendant in error directed the court's attention to the exceptions, and the objections were then and there considered by the court, and the deposition suppressed. In the case of *St. L. & S. F. R. Co. v. Morse,* 38 Kan. 271, 16 Pac. 452, the Supreme Court of Kansas holds, in substance, as follows:

· Under the Code, which provides that exceptions to depositions shall be made before the commencement of the trial, it is error to entertain a motion to suppress the same after the jury has been impaneled and sworn.

Likewise the same court in *Hilt v. Griffin,* 77 Kan. 783, 90 Pac. 808, say:

"Overruling a motion, presented after the jury were sworn, to suppress the depositions on the ground that the evidence was incompetent and hearsay, and reserving a ruling on the evidence till offered at the trial, is proper practice."

Under the authorities above quoted it is apparent that the trial court committed error in suppressing the deposition in the case at the time and manner stated, for it was the duty of the defendant in error to have urged his exceptions before the trial commenced, and if he failed to do so he waived the same, and was only entitled thereafter to object to the competency of the deposition when the same was offered in evidence. From an examination of this deposition a larger part of it is, in the judgment of this court, competent, and should have been read to the jury for the reasons stated above.

It is urged that the petition in this case does not contain facts sufficient to constitute a cause of action, in that the petition does not, upon its face, show that the building sought to be recovered is personal property. The recognized rule, prescribed in the case of *Bridges v.*

*Thomas*, 8 Okla. 621, 58 Pac. 955, is that the petition in replevin for a building, in order to state a good cause of action, should specifically aver such a state of facts as will clearly show that such building is personal property, and that the plaintiff has a right to maintain an action, yet from an examination of the petition in this case it appears that the petition itself is sufficient to state a cause of action within the rule laid down above.

Section 6749, Rev. Laws 1910, provides that, when a person affixes his property to the land of another without an agreement permitting him to remove it, the thing affixed belongs to the owner of the land, unless he chooses to require or permit the former to remove it, provided that a tenant may remove from the demised premises at any time during the continuance of his term, anything affixed thereto for purpose of trade, manufacture, ornament, or domestic use, if the removal can be effected without injury to the premises, unless the thing has, by the manner in which it is affixed, become an integral part of the premises. As we view the situation, this statute does not apply to the case at bar, for here the improvements were made by the Brewing Company under the express agreement, as alleged in the petition, and as shown by the deposition, which was suppressed, that the same might be removed at the end of the term, unless other arrangements were entered into between the company and the lessor. If this agreement was had, which is a question of fact, then the building erected was personal property, regardless of the manner or way it was attached to the real estate, and the Brewing Company had a right to remove the same from the premises.

While it is the general rule that it is a question of law for the court to determine whether a building situated

upon real estate is real or personal property, still, where the facts show that the building was erected under the agreement that the same should remain the property of the lessee and might be removed at the close of the term, there can be no question of law for the court to decide, for the intention of the parties, as shown by such facts, will govern and determine the character of the building. In 19 Cyc. 1048, we find the following:

"By an agreement between the owner of personal property and the owner of real'y, made before annexation, the personal property may be made to retain its status after annexation, or an enforceable right to remove it may be conferred upon the former owner of the personal property. The agreement may be by parol. Such an agreement, or an intention that the chattel shall remain personalty, may be implied from the circumstances under which the chattel is bought and affixed, as from a conditional sale, from a lease of a chattel, or from a chattel mortgage," etc.

This rule seems to be followed by the states of Alabama, Georgia, Illinois, Kansas, Maine, Massachusetts, Mississippi, New Hampshire, New York, Oregon, and Pennsylvania. See authorities cited in note 77, in 19 Cyc. 1048, and 23 Cent. Dig. title Fixtures, 5. The same author, in the same column, at page 1051, says:

"It is generally held that a vendee or mortgagee of the realty, with notice of the agreement or rights of third parties in the fixtures, takes subject thereto." See note 86, and authorities there cited.

Under the evidence presented here it cannot be questioned but that the defendant in error, when he bought the property in 1911, had actual knowledge of the rights of the company to the building located upon this property,

for the deed itself, which he accepted at the time, and his first letter to the company are a recognition.

The evidence discloses that the defendant in error, after he claims to have acquired ownership of the property in question, never communicated with the company, or made any demand whatsoever upon it for rent, or took any steps whatever to forfeit the rights of the company in the premises, and under the authority of *Chandler v. McGinning,* 8 Kan. App. 421, 55 Pac. 103, we must hold that the provisions of forfeiture for nonpayment of rent cannot be enforced without demand of payment being duly made, and even then, if the defendant in error had the right to forfeit the lease, he could not deprive the company of its right to the building which it had erected thereon with the agreement of the owner that it might be removed, of which agreement the record conclusively established that the defendant in error had knowledge.

From an examination of the entire record we are convinced that the trial court committed error in setting aside the verdict of the jury and rendering a judgment notwithstanding.

For these reasons we recommend that this cause be reversed and a new trial granted.

By the Court: It is so ordered.