Audra BLACK and Neva Black, Plaintiffs in Error,

v.

Barton R. McLENDON, one and the same person as B. R. McLendon, Defendant in Error.

No. 35740.

Supreme Court of Oklahoma.

March 5, 1957.

Hal Welch, Hugo, for plaintiffs in error.

Tom Finney, Idabel, Lee B. Thompson, Oklahoma City, for defendant in error.

WILLIAMS, Justice.

This action arose in justice court when Audra Black and Neva Black, hereinafter referred to as plaintiffs, instituted a forcible entry and detainer action against Barton R. McLendon, hereinafter referred to as defendant. Judgment was rendered for the plaintiffs and defendant appealed to the district court where the case was tried to a jury. At the close of plaintiffs' evidence defendant's demurrer to the evidence was sustained and judgment rendered for defendant, from which plaintiffs appeal.

Plaintiffs owned a tract of land in McCurtain County, and on January 12, 1951, executed a written lease thereon, with the option to purchase, to William H. Pence and others for a period of ten years. The consideration for said lease was the sum of $1,000 per year, due and payable on the 1st day of July of each year. This lease was assigned to defendant who operated a drive-in theatre on the premises covered by the lease. Plaintiffs seek by this action to regain possession of this tract of land.

Plaintiffs' evidence was to the effect that the rent due on July 1, 1951, was not received by them on such date nor was it received on July 2, 1951; that on July 3, 1951, they elected to terminate the lease and executed an instrument declaring the lease at an end and void, which instrument they filed in the office of the County Clerk of McCurtain County on July 5, 1951; that a copy of such instrument was handed to defendant's attorney on July 5, and a copy was also handed to one of defendant's employees on the same date; that on July 6, 1951, defendant's business manager tendered a check for the rent to one of plaintiffs, which was refused by her, and later on the same day the rent was tendered in cash and likewise refused; that on July 12, 1951, another representative of defendant again tendered the rent in cash, which tender was again refused; that on July 13, 1951, defendant deposited the sum of $1,003.61, representing $1,000 rent and $3.61 interest thereon, to plaintiffs' credit in the First State Bank at Idabel, Oklahoma, and delivered a copy of the deposit slip to plaintiffs.

Plaintiffs' brief does not contain any specification of error, but it is apparent therefrom that the only question presented by this appeal is whether plaintiffs had the right under the law and the terms of the lease contract to declare the lease void without first demanding payment of the rent due.

It is the general and uniform rule at common law in the absence of contrary statutory provision, both in this country and in England, that a demand for payment must be made by a lessor as a prerequisite to enforcement of a lease provision for forfeiture or termination upon nonpayment of rent. R. T. Stuart & Co. v. Graham, 117 Okl. 117, 245 P. 608; Welch v. Church, 55 Okl. 600, 155 P. 620; Indian Land & Trust Co. v. Clement, 22 Okl. 40, 109 P. 1089; Chandler v. McGinning, 8 Kan.App. 421, 55 P. 103; Annotation #3, 28 A.L.R.2d 807; 51 C.J.S., Landlord and Tenant, § 114b, p. 694; Thompson on Real Property, Vol. 3, page 738, Section 1483 and cases cited in note thereto; 32 Am.Jur. 724, Landlord and Tenant, § 855. This state has no contrary statutory provision, with the possible exception of 41 O.S.1951 § 6, which provides:

"If a tenant, for a period of three months or longer, neglect or refuse to pay rent when due, ten days notice in writing to quit, shall determine the lease, unless such rent be paid before the expiration of said ten days."

Compliance with such statute would possibly obviate the necessity for the common law demand for payment, but there is substituted therefor the requirement of a ten day notice to quit and the provision that payment of the rent within the ten day period will avoid the forfeiture. Plaintiffs did not comply with such statute, however, and do not base their claim of right to recover possession thereon.

Plaintiffs contend that the necessity of a demand for payment may be waived

by express stipulation in the contract. Such is the case. Indian Land & Trust Co. v. Clement, supra. A provision for such a waiver will not be extended beyond its clear import, however. 32 Am.Jur. 726. The lease in question contains the following provisions:

"And it is also agreed that upon the failure to pay the rentals or any part thereof as herein provided, then the lessor may declare this lease at an end and void, and re-enter the premises and take possession of same.

"It is further agreed, that at the end of this lease, or sooner termination thereof, the lessee shall give peaceable possession of the premises to the lessor, and upon the non-payment of the rent or any part thereof at any time said lessor may distrain for rent due and declare this lease at an end and void, and re-enter and recover possession by forcible entry and detainer, and notice of such election and demand of possession are hereby waived * * *"

Plaintiffs argue that such provision constitutes a waiver of demand for payment of rent. We do not agree. Obviously neither a waiver of notice of election to forfeit nor a waiver of demand of possession constitutes a waiver of demand of payment of rent. The right to elect to forfeit for nonpayment of rent does not even arise until demand for rent has been made and payment refused, unless waiver of demand for payment of rent is provided in the contract, and the right of lessor to demand possession does not arise until demand for rent has been made and payment refused and election made to forfeit because of such refusal to pay. The lease in question quite clearly waives notice of election to forfeit and demand for possession, but does not waive demand for payment of rent which is a necessary prerequisite to the accrual of the right to elect to forfeit. The case of R. T. Stuart & Co. v. Graham, supra, involved identical lease provisions. In that case we said [117 Okl. 117, 245 P. 610]:

"It is true the lease in question in the instant case waived notice of the landlord's intention to terminate the lease and re-enter the premises, but there was no waiver of the demand for rent."

In the last paragraph of the syllabus in such case we said:

"Forfeitures are not favored in law, and a lease contract cannot be forfeited for nonpayment of rent, unless demand is made for the payment of the same."

Since the plaintiffs' evidence discloses neither a demand for rent nor the service of a statutory notice to quit in lieu thereof, and since the full year's rental, with interest, was deposited in the First State Bank of Idabel, Oklahoma, to the credit of plaintiffs subsequent to date rent became due but prior to the time of filing their action in the Justice of Peace Court, the trial court properly sustained the demurrer thereto.

Judgment affirmed.

CORN, V. C. J., and DAVISON, JOHNSON, JACKSON and CARLILE, JJ., concur.

HALLEY and BLACKBIRD, JJ., dissent.

HALLEY, Justice (dissenting).

I cannot concur in the majority opinion which appears to rely largely upon the holding of this Court in R. T. Stuart & Co. v. Graham, 117 Okl. 117, 245 P. 608, where the decisive point in support of the opinion is expressed in the first paragraph of the syllabus as follow:

"Where month after month the lessor has been receiving payment of the rent a few days later without objecttion, if he desires in the future to hold the lessee strictly to payment on the day the rent falls due, he must give him notice to that effect; otherwise the lessee will not be in legal default from delaying the usual time."

I concede that the common law rule as to the termination of a tenancy, where not waived in the lease contract, required that the lessor must go upon the leased premises and between sunrise and sunset, demand payment of the rent by the tenant. However, as stated in the majority opinion, Section 8, 41 O.S.1951, there is a statutory provision as follows:

"When the time for the termination of a tenancy is specified in the contract, or where a tenant at will commits waste, or in the case of a tenant by sufferance, and in any case where the relation of landlord and tenant does not exist no notice to quit shall be necessary."

In the Stuart case, supra, it is said that the lease contains a waiver of notice of the landlord's intention to terminate the lease but that there was "no waiver of the demand for rent." It also stated the well established rule that forfeitures are not favored in law, and announced that "a lease contract cannot be forfeited for nonpayment of rent, unless demand is made for the payment of the same."

Here the lease contract expressly provides that the rent was due and payable July 1, 1951. The rent was not paid on that date. The lessors executed a notice of termination of the lease on July 3, and filed it in the office of the county clerk on July 5, declaring, "said lease at an end and void." July 6, 1951, the lessee offered a check for the rent which the lessors refused to accept.

The lease contract expressly provided:

"* * * And it is also agreed that upon the failure to pay the rentals or any part thereof as herein provided, then the lessor may declare this lease and an end and void, and re-enter the premises and take possession of same.

"It is further agreed, that at the end of this lease, or sooner termination thereof, the lessee shall give peaceable possession of the premises to the lessor and upon the nonpayment of the rent or any part thereof at any time said lessor may distrain for rent due and declare this lease at an end and void, and re-enter and recover possession by forcible entry and detainer, and notice of such election and demand of possession are hereby waived. This lease shall not be considered renewed except by written agreement of the parties."

The first paragraph above expressly provides that "failure to pay the rentals or any part thereof as herein provided, then the lessor may declare this lease at an end and void, and re-enter the premises and take possession of same." This language is clear.

The second paragraph provides that upon nonpayment of rent the lessor may destrain for rent due and "declare the lease at an end and void" and "notice of such election and demand for possession are hereby waived."

It does not expressly waive demand for payment of rent, but in my opinion no such demand was necessary to end the lease in view of the foregoing lease provisions. The law never requires the doing of a "vain and useless thing."

If the lessee agreed to give the lessor the right to declare the "lease at an end and void" upon failure to pay rent when due and to re-enter and recover possession, and that notice of such acts are waived by the clear words of the lease contract, why would any demand for the payment of rent be necessary? The rent was not paid nor tendered on the day it was due, July 1, 1951.

To me it seems very unreasonable to contend, under such facts as are before us, that the lessor would have been required to go upon the premises and before sundown expressly demand payment of the rent, when the lessee had agreed in writing that upon his failure to pay rent when due the lessors could re-enter and take possession, and that notice of such intention was expressly waived. In effect the demand for payment of rent was waived by the terms of the lease contract and was wholly unnecessary. For these reasons I dissent.