## DOUGLASS v. BROWN.

No. 5009. Opinion Filed February 29, 1916.

(155 Pac. 887.)

1. **BILLS AND NOTES—Indorsement—Transfer in Due Course—Defenses—"Guarantee Payment and Waive Notice, Etc."** Before the adoption of the Uniform Negotiable Instruments Act (chapter 49, Revised Laws 1910), the words "For value received, I hereby guarantee payment of the within note, and waive demand and notice of protest on same when due," written on the back of the note by the payees, did not constitute an indorsement and transfer in due course, but constituted a mere guaranty of payment; and the maker of such note is entitled to make the same defenses against the same in the hands of the holder under such guaranty that he would be entitled to make if it were in the hands of the original payees.

2. **SUFFICIENCY OF EVIDENCE.** Record examined, and **held,** that there was competent evidence reasonably tending to support the defense of breach of warranty.

3. **APPEAL AND ERROR—Instructions—Exceptions—Sufficiency.** A recital in a case-made that "the plaintiff excepts to each instruction given by the court, separately, and also excepts to the instructions as a whole," is insufficient where there are several paragraphs embodying different propositions in such instructions.

(Syllabus by Watts, C.)

*Error from Superior Court, Custer County;*
*J. W. Lawter, Judge.*

Action by I. F. Douglass against Omer Brown. Judgment for defendant, and plaintiff brings error. Affirmed.

*Phillips & Mills,* for plaintiff in error.

*R. J. Shive,* for defendant in error.

Opinion by WATTS, C. The case is this: I. F. Douglass sued Omer Brown on a certain promissory note for the sum of $900, executed by the latter to Robert Burgess & Son. Plaintiff took the note after maturity, but claimed that he was a *bona fide* purchaser thereof from a purchaser for value without notice before maturity, and that consequently he was the holder of the note for a valuable consideration in due course. Defendant denied these allegations, and sought to defend against the note on the ground that it was without consideration because given to Robert Burgess & Son, the original payees, for a stallion which the defendant says they warranted to get with foal sixty (60) per cent. of the mares bred to said stallion, and that by the terms of said warranty the payees agreed that if the stallion was not as warranted they would replace him with one that was a good foal-getter, and further alleging that the stallion was not as warranted, but was in fact worthless, and that defendant had tendered him back to the payees and demanded that they comply with their warranty, but that they refused to do so. There was competent evidence reasonably tending to support defendant's claim. The cause was tried, and a verdict and judgment rendered in favor of the defendant, from which judgment plaintiff prosecutes this appeal.

1. The only question in the case necessary to determine is whether the defendant was entitled to avail himself of the defenses set up in his answer against the plaintiff to the same extent that he could have done if the note had been still in the hands of the original payees. The note in question is as follows:

"$900.00. WICHITA, Nov. 30, 1906.

"On or before July, 1909, after date,, we promise to pay to the order of Robert Burgess & Son, nine hundred

dollars, with interest at the rate of 6 per cent. per annum payable annually, at Citizens' State Bank, value received. No. ———. Due July 1, 1909. BRAMAN, OKLA.

"ALLEN BAGGETT.
"OMER BROWN.
"B714                    H. S. MOORE.

"P. O. BRAMAN, OKLA."

Indorsed:

"For value received, I hereby guarantee payment of the within note, and waive demand and notice of protest on same when due.

"ROBERT BURGESS & SON.

"Pay to I. F. Douglass or order.
"FRANK N. IRELAN & SON.

"Without recourse on Robt. Burgess & Son.
"Per ROSEBERRY & SON, Mgrs."

The transfer and execution of the note took place prior to the taking effect of the present Negotiable Instrument Act (chapter 49, Rev. Laws 1910). Under the law in force at the time in question (section 4641, Comp. Laws 1909), one who writes his name upon a negotiable instrument, otherwise than as a maker or acceptor, and delivers it with his name thereon to another person, is called an indorser, and his act is called an indorsement. By the same statute (section 4657, Comp. Laws 1909), the indorsee in due course is defined to be one who in good faith, in the ordinary course of business, and for value, before its apparent maturity or presumptive dishonor, and without knowledge of its actual dishonor, acquires a negotiable instrument duly indorsed to him, or indorsed generally, or payable to the bearer. When the instrument is made payable to order, such as the note in question, the indorsement of the payee is necessary to transfer the legal

title, and the transferee without indorsement takes its subject to all equities that attach to it in the hands of the transferor. *Gault v. Kane,* 44 Okla. 763, 145 Pac. 1128.

In the case of *Ireland et al. v. Floyd,* 42 Okla. 609, 142 Pac. 401, L. R. A. 1915C, 661, two notes were involved, identical in form and bearing the same kind of indorsement by the payees as the note in the suit at bar. After an exhaustive review of the authorities, the court held that the words "for value received, I hereby guarantee payment of the within note and waive demand and notice of protest on same when due," written on the back of the note by the payees, did not constitute an indorsement and transfer in due course, but constituted a mere guaranty of payment; and that the maker of said note is entitled to avail himself of the same defense against the same in the hands of the holder under such guaranty that he would be entitled to make if it were in the hands of the original payees. On authority of this case, we are constrained to hold that the defenses pleaded by the defendant were available against the plaintiff in this case. And since the record discloses competent evidence reasonably tending to support the verdict we see no reason why the judgment should be disturbed.

2. Error is assigned for the lack of competent evidence to support the defense of breach of warranty. In this connection it is enough to say that we have carefully read the record and are fully satisfied that the evidence was sufficient to sustain the defense in question.

3. It is also urged that there is error in the instructions given by the court; but the only objection or exception thereto is a recital in the case-made, next following the instructions given, to the effect that the plaintiff

excepts to each instruction given by the court, separately, and also excepts to the instructions as a whole. The instructions given consist of several paragraphs embodying different propositions. This court has uniformly held that instructions not excepted to as prescribed by section 5003, Rev. Laws 1910, will not be reviewed. The record discloses no attempt to comply with the provisions of the statute mentioned.

In *Weleetka Light & Water Co. v. Northrop*, 42 Okla. 561, 140 Pac. 1140, and *Eisminger v. Beman*, 32 Okla. 818, 124 Pac. 289, an exception to instructions in substantially the same form as that disclosed by the record in this case was held to be insufficient.

For the reasons stated, we are of the opinion that the judgment of the trial court should be affirmed.

By the Court: It is so ordered.