HELEN E. VAN WAGONER COCKRELL, RESPONDENT, v. SADIE O'R. McKENNA, APPELLANT.

Submitted May 28, 1926—Decided October 18, 1926.

1. A person taking a promissory note as a gift is not a purchaser for value.
2. Love and affection are *held* to be a sufficient consideration for a deed, because upon its execution and delivery the title to the land passes and the contract is no longer executory, which is not the case in a promissory note, as nothing passes under the instrument until it is paid. A consideration of this character will support a contract as between the parties, when executed, but will not support an action to enforce an executory contract.
3. Promises or contracts made on the basis of mere love and affection, unsupported by a pecuniary or material benefit, create, at most, bare moral obligations, and a breach thereof presents no cause for redress by the courts.
4. A valuable consideration is a class of consideration upon which a promise may be founded, and entitles the promisee to enforce his claim against an unwilling promissor.

On appeal from the Monmouth County Circuit Court.

For the appellant, *Perkins & Drewen.*

For the respondent, *William E. Foster.*

The opinion of the court was delivered by

HETFIELD, J.   This appeal is from a judgment entered in the Monmouth County Circuit Court on the direction of a verdict for plaintiff.   The action was founded upon a promissory note dated December 30th, 1918, made by the defendant, for the sum of four thousand dollars ($4,000), payable four months after date, to the order of Moncure Cockrell.   The note was transferred on April 2d, 1919, to the plaintiff, who at the time was engaged to the payee, and was later married to him on May 2d, 1919.

The defendant by her answer set up, among other things, that the plaintiff was not the holder of the said note in due course and for value, and that there was no consideration for the making of the note between the original parties thereto, in its inception.

The plaintiff, on being examined before trial, testified that she had become engaged to Moncure Cockrell, the transferror, on September 20th, 1918, and that the note was transferred and delivered to her by her fiance, on Wall street, where they had met by appointment.   When asked what were the circumstances under which the note was delivered at that place, she answered as follows: "We were going to be married very shortly and I met Mr. Cockrell and he wanted to present me with a wedding gift and he came along and said, 'Here's your wedding gift,'" and when questioned as to what she said when the note was received, answered, "I thanked him profusely.   I was very glad to get it."

At the trial of the case the plaintiff was asked on cross-examination how she had come into possession of this note, and answered, "Well, Mr. Cockrell and I had become engaged and I talked about an engagement ring and I showed him the kind of ring I wanted, it was the kind my sister had, a very beautiful ring.   He said he couldn't give it to me right

then, but that he would get it, and all the time we were engaged my friends would ask me when I was going to get my ring and I would tell them a little later, so finally in talking it over with Mr. Cockrell, he said I will give you a substantial gift until you .get your ring, so on the evening of April 2d Mr. Cockrell met me at 37 Wall street and he took these papers out of his pocket and said, 'Here is your wedding gift'; and that is how I came into possession of the note."

The defendant at the trial offered to prove that there was a failure of consideration for the note between the original parties and contended that such evidence was admissible on the ground that the plaintiff was not a holder in due course. The offer was overruled and the trial court when directing a verdict stated: "The presumption in this case is that Mrs. Cockrell is a holder in due course. The only testimony bearing upon that question is the testimony of the plaintiff herself as to the circumstances under which she secured possession of this note. * * * Under those circumstances you have a situation where the plaintiff under the law is presumed to be the holder of this note in due course, and there is no evidence in the case to rebut the presumption that she was such holder in due course."

We think that the testimony of the plaintiff, both before and at the trial, was sufficient to destroy the existing presumption that she was a *bona fide* holder for value; and consequently did not hold the note free from equities between the original parties.

The note in question was delivered and made payable in the State of New York and the law of that state governs in this case. Section 91 of the Negotiable Instrument act of New York, which is identical with section 52 of the New Jersey statute (*Comp. Stat., p.* 3741), states that a holder in due course is a holder who has taken the instrument under the following conditions: "1. That it is complete and regular upon its face. 2. That he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact. 3. That he took it in good faith and for value. 4. That at the time it was negotiated

to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it."

It is apparent from the testimony of the plaintiff that the note was given and accepted as a gift and the only consideration for the transfer was love and affection, which do not constitute a sufficient consideration to support a promissory note. There was no consideration upon which the plaintiff could have enforced her claim against the transferror as endorser. A valuable consideration is a class of consideration upon which a promise may be founded, and entitles the promisee to enforce his claim against an unwilling promissor. *Fischer* v. *Union Trust Co.,* 138 *Mich.* 612. The transfer could not have been made in consideration of the impending marriage because the plaintiff and transferror had been engaged and agreed to marry some six months prior to the delivery of the note, and the question of the note had never been discussed, the plaintiff having had no knowledge of its existence until the day of delivery, and it was transferred unconditionally without any previous arrangements between the parties or any promise or act on the part of the plaintiff. It has been held that a donee takes only the right of the payee and that a wife taking a note as a gift from her husband is not a purchaser for value. *Holladay* v. *Rich,* 93 *Neb.* 491, and *Greer* v. *Orchard,* 175 *Mo. App.* 494.

Promises or contracts made on the basis of mere love and affection, unsupported by a pecuniary or material benefit, create at most bare moral obligations, and a breach thereof presents no cause for redress by the courts. The respondent contends that love and affection has been held to be a good consideration in instruments of conveyance, and, therefore, should be so considered in the present case. It is true that love and affection are held to be a sufficient consideration for a deed because upon its execution and delivery the title to the land passes and the contract is no longer executory, which is not the case in a promissory note, as nothing passes under the instrument until it is paid. A consideration of this character will support a contract as between the parties, when executed, but will not support an action to enforce an executory contract.

It is now well established that a mere moral obligation or conscientious duty arising wholly from ethical motives or a mere conscientious duty, unconnected with any legal obligation, perfect or imperfect, or with the receipt of benefit by the promissor of a material or pecuniary nature will not furnish a consideration for an executory promise. *Freeman* v. *Robinson*, 38 *N. J. L.* 383; *Morris* v. *Norton*, 75 *Fed. Rep.* 912; *Widger* v. *Baxter*, 190 *Mass.* 130; *Parsons* v. *Teller*, 188 *N. Y.* 318.

The Negotiable Instrument act clearly contemplates that, to be a holder in "due course" the holder must, among other things, have acquired the note in good faith and for value, which is not the fact in this case.

Under the Negotiable Instrument act of New York (section 54) and of New Jersey (section 28), absence or failure of consideration is a matter of defense as against any person not a holder in due course; and partial failure of consideration is a defense *pro tanto* whether the failure is an ascertained and liquidated amount or otherwise.

The plaintiff not being a holder in due course, it was error to reject proof of failure of consideration for the note between the original parties, which resulted in a direction of a verdict for the plaintiff.

The judgment under review will be reversed.

*For affirmance*—None.

*For reversal*—THE CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, JJ. 15.