CHANEY v. LACKEY et al.

No. 33899.    April 24, 1951.

*230 P. 2d 720.*

G. C. Spillers and G. C. Spillers, Jr., Tulsa, for plaintiff in error.

James T. Steil and A. M. Covington, Tulsa, for defendants in error.

DAVISON, J. This is an action brought by Woodward H. Lackey and Louise Lackey, his wife, to recover from their landlord, B. F. Chaney, penalties, as prescribed by the National Emergency Rent Contral Act (50 U. S. C. A., Appendix, §1881 et seq.), because of overcharge of rental for a furnished apartment and garage in the city of Tulsa, Oklahoma. The parties will be referred to as they appeared in the trial court.

From the early part of October, 1947, to the early part of January, 1948, plaintiffs occupied a furnished apartment and garage, owned by defendant. This was done following the execution of the following written contract:

"Optional Agreement

"This optional agreement made and entered into this 2nd day of October 1947 by and between B. F. Chaney party of first part and W. H. Lackey and Louise Lackey his wife parties of second part witnesseth:

"Party of first part is owner of all furniture now located in Unit 'A' at 2523 East 11th St. in City of Tulsa, list is hereby attached. Party of second part hereby has Option to purchase this furniture at price of $1800.00 as follows:

"One hundred ($100.00) on signing of this Contract and same amount on the 2nd day of each month for six months and then at his option to pay Twelve Hundred ($1200.00) Dollars at which time, if this option is used party of first part will give party of second part a clear bill-of-sale, if option is not used the amount above paid is to be considered payment for use of said furniture and dwelling unit. Party of second part may terminate this agreement if he should be transferred from Tulsa on giving party of first part 30 days notice.

"At termination of this optional agreement, namely April 2nd, 1948 party of second part agrees to return above mentioned furniture and living unit to party of first part in same condition as received with reasonable wear and *tare* excepted.

"Party of first part is to furnish water, hall and outside light and use of one garage during term of this contract.

"(Signed)      B. D. Chaney
"Party of first part
"Woodward H. Lackey
"Louise K. Lackey
"Parties of Second Part."

(list of items of furniture follows)

During that time they paid defendant $200 on the contract. They filed this action on November 21, 1947, alleging that the maximum rental value of the premises as fixed by the Office of Rent Control was $40 per month; that the $200, demanded by defendant and charged under the above contract as a subterfuge, was paid by plaintiffs as rental for the months of October and November, 1947; that the same was $120 in excess of the maximum ceiling rent and that by reason thereof they were entitled to recover $360, or three times the amount of the overcharge, together with a reasonable attorney's fee and all costs.

The defendant, by answer, alleged that the written contract constituted a valid sale of the personal property described therein; that the Acts of Congress and the rules and regulations pursuant thereto, as alleged in the petition, were in violation of the Federal Constitution. Otherwise, he generally

denied all allegations in the petition. By amendment to the answer, the defendant further alleged a compromise and settlement of the purported cause of action.

A trial of the issues to a jury resulted in a verdict and judgment for plaintiffs for $80, for attorney's fees of $125, and for costs. From that judgment, defendant has perfected this appeal. Two propositions are relied on for reversal, namely, error of the trial court in permitting introduction of incompetent and prejudicial testimony, and error of the trial court in improperly instructing the jury.

Over the objection and exception of the defendant, the plaintiffs, in cross-examination of defendant, were permitted to prove that, shortly prior to the occupation of the premises by plaintiffs, the same and those adjoining were occupied by two families by the names of Williams and Ketcham; that defendant had encountered trouble in making them move; that he had served them with notices to vacate; that in order to give reasons for requiring their evacuation, he had represented that extensive repairs were to be made on the properties.

Defendant contends that the admission of this testimony was prejudicial error and governed by the well established rule that the admission, by the trial court, of evidence prejudicial to the party over whose objection the same was admitted, which does not support any issue made by the pleadings, constitutes reversible error, and cites the following cases in support thereof: Meek v. Daugherty, 21 Okla. 859, 97 P. 557; Indian Land & Trust Co. v. Clement, 22 Okla. 40, 109 P. 1089; Brison v. McKellop, 41 Okla. 374, 138 P. 154; Drakos v. Jones, 189 Okla. 593, 118 P. 2d 388.

That rule, however, is not applicable to the situation in the case at bar. The gist of this action, the violation of the rent control laws and regulations, is dependent upon whether or not the contract above was bona fide or was merely a subterfuge used to obscure defendant's real purpose of demanding and receiving rents in excess of the price ceiling. Plaintiffs' theory is that the conduct of defendant toward the former tenants sheds light on his overall scheme to accomplish such purpose. In this there is merit. In the recent case of Price v. Rogers, 201 Okla. 678, 209 P. 2d 683, it was said:

"All facts and circumstances which are relevant to the issues made by the pleadings in a suit are admissible in evidence, unless the exclusion of any such fact or circumstance is required by some established principle of evidence; a fact or circumstance is relevant if it legally tends to prove some matter in issue or to make a proposition in issue more or less probable."

In the instant case, the criticized testimony tended to establish the probability of defendant's actions being for the purpose of evading the price ceiling on rent of his property.

A very sound discussion of the act here under consideration and an explanation of its application is contained in the opinions of the U. S. Circuit Court of Appeals for the Seventh Circuit, in the cases of Small v. Schultz, 173 F. 2d 940, and Leibman v. Siegel, 173 F. 2d 935. The latter of these cases, however, deals with an evidentiary matter not here involved. The former is more nearly in point. The conclusion is there reached, and we think rightly so, that the Rent Control Act does not of itself give the plaintiff a cause of action generally for damages, but does give such plaintiff a cause of action to recover liquidated damages, computed in the manner provided in the act. Also, that said amount should be determined to be "(1) $50.00 or (2) three times the amount by which the payment exceeds the maximum rent which could lawfully be received, whichever in either case may be the greater amount." Under the second mode of computation, the treble damages depend upon the

good faith of the defendant. If the trial court finds that the defendant was so acting, the recovery is the amount of overcharge of rent, while if he was acting in bad faith the triple damage provision applies. Considering the evidence in the case at bar, which was objected to, in the light of this reasoning, the same was admissible and the trial court committed no error in so holding.

The other proposition presented is based upon the alleged error of the trial court in instructing the jury in the exact terms of the statute without coupling therewith an explanation of its meaning and effect. That, therefore, the same is abstract, misleading and confusing. The only objection or exception by defendant to the instructions, as shown by the record, is the following which was interposed at the close of the evidence:

"The defendant excepts specially to instructions Nos. 4, 8, 9, 11 and 11-a, and then makes the general exception that the instructions as a whole are conflicting."

The record does not disclose an objection to the giving of any single instruction, nor the preservation of an exception thereto signed by the trial judge. It is provided by 12 O.S. 1941 §578, that:

"A party excepting to the giving of instructions, or the refusal thereof, shall not be required to file a formal bill of exceptions; but it shall be sufficient to write at the close of each instruction 'Refused and excepted to,' or, 'Given and excepted to,' which shall be signed by the judge."

These provisions are mandatory, and since defendant, in no way, complied with them, the instructions to the jury are not subject to review by this court except for fundamental errors. Alva Roller Mills v. Simmons, 74 Okla. 314, 185 P. 76; Urie v. Board of Education of City of Pryor Creek, 86 Okla. 265, 208 P. 210; Douglass v. Brown, 56 Okla. 6, 155 P. 887; Chowins v. Gypsy Oil Co., 185 Okla. 630, 95 P. 2d 586; Farmers' Union Co-Operative Gin Co. v. Squyres, 193 Okla. 578, 145 P. 2d 949; Pure Oil Co. v. Chisholm, 181 Okla. 618, 75 P. 2d 464; Louis Berkman Co. v. Unger Metals Corporation, 190 Okla. 101, 121 P. 2d 606.

From a review of the entire record, we find no fundamental error on the part of the trial court. The judgment is, therefore, affirmed.

LUTTRELL, V. C. J., and CORN, HALLEY, JOHNSON, and O'NEAL, JJ., concur.