## TILLEY v. PRICE.
### No. 34767.

Supreme Court of Oklahoma.
March 9, 1954.

O. B. Martin, Oklahoma City, for plaintiff in error.

Homer L. Hurt, Tulsa, for defendant in error.

JOHNSON, Vice Chief Justice.

This action was brought by Carlene Tilley, plaintiff, to recover on a promissory note, executed April 14, 1948, by Vivian Price, defendant herein, payable to Otto Pettigrew and O. B. Martin in the principal sum of $580. It was assigned on August 13, 1948, to the plaintiff.

The record discloses that a judgment was rendered against Vivian Price on October 14, 1947, in favor of Otto Pettigrew and Ennis Pettigrew for overcharge in rental on rental property for $290 and for O. B. Martin for $250 attorney's fees, in an action brought in the United States District Court for the Western District of Oklahoma. Execution was issued on this judgment and Vivian Price executed the note above described to satisfy said judgment and secured the same by real estate mortgage. At the time the note was executed Vivian Price had a claim against the Pettigrews for damages to rental property and this claim was reduced to judgment in the sum of $524.55 on November 10, 1948.

Defendant's answer alleged failure of consideration; that plaintiff was not a holder in due course, or purchaser for value, and set up the $524.55 judgment as a set-off to the action on the note in the case at bar and further alleged that the attorney's fees allowed in the Federal Court action and made payable directly to O. B. Martin and which constituted a part of the consideration for the note was void and that by reason thereof the consideration for said note had failed.

At the conclusion of the jury waived trial the Court found that the plaintiff was not a holder in due course for value; that the note on which suit was brought was subject to a set-off of $524.55 as against Pettigrew, and also held that the judgment for $250 for attorney's fee was void because made payable directly to the attorney in the Federal Court action and entered a judgment for defendant.

The plaintiff first argues that she is a holder in due course. Plaintiff did not testify. O. B. Martin testified that he acquired the interest of Otto Pettigrew in the note for a valuable consideration and assigned the same to plaintiff on August 13, 1948; that plaintiff is his step-daughter; that the sole consideration for the transfer was love and affection.

■ 48 O.S.1951 § 122, provides, among other things, that in order to be a holder in due course one obtaining a note from the payee must have paid value therefor. A person taking a promissory note as a gift is not a purchaser for value. Cockrell v. McKenna, 103 N.J.L. 166, 134 A. 687, 688, 48 A.L.R. 234. Therein the court stated:

"It is apparent from the testimony of the plaintiff that the note was given and accepted as a gift, and the only consideration for the transfer was love and affection, which do not constitute a sufficient consideration to support a promissory note. There was no consideration upon which the plaintiff could have enforced her claim against the transferor as indorser. A valuable consideration is a class of consideration upon which a promise may be founded, and entitles the promisee to enforce his claim against an unwilling promisor. * * *"

■ The rule is universal that, in order to constitute the holder of a negotiable instrument a holder in due course, he or someone through whom he traces his title, must have parted with value therefor. 3 R.C.L. 1050.

■ The maker of a note is entitled to make the same defense in an action by one not a holder in due course that would have been available in an action by the original payee. Title 48 O.S.1951 §. 128, Douglass v. Brown, 56 Okl. 6, 155 P. 887; Harris v. Clanton, 46 Okl. 183, 148 P. 683.

■ It is elementary that the purchase of the interest of Otto Pettigrew by O. B. Martin did not constitute O. B. Martin a holder in due course. The payee is not a holder in due course. Sec. 122, supra; Edwards v. J. I. Case Co., 187 Okl. 244, 102 P.2d 120, and cases cited therein.

■ It is next argued that the court erred in holding the judgment in favor of O. B. Martin for $250 attorney's fee obtained in the action in the federal court void because the fee was made payable directly to plaintiff's attorney. We agree.

■ We held in Owens v. Owens, Okl. Sup., 264 P.2d 341 that an order allowing attorney's fee is not void whether it directs such payment to plaintiff, or the

clerk, for the use and benefit of the attorneys of record for plaintiff, or to the attorneys of record themselves. We find nothing in the applicable Federal Statutes which conflict with the rule in the Owens case, supra.

The judgment holding order for attorney's fee void is reversed; otherwise, the judgment is affirmed.

HALLEY, C. J., and WELCH, CORN, DAVISON, WILLIAMS and BLACK-BIRD, JJ., concur.

O'NEAL, J., dissents.