SOCONY MOBIL OIL COMPANY, Inc., and Gulf Oil Corporation, a corporation, Plaintiffs in Error,

v.

Benny L. MOORE and Mary Lucile Moore, Defendants in Error.

No. 40825.

Supreme Court of Oklahoma.

Jan. 24, 1967.

**330**

Wm. Vassar, Chandler, S. M. Groom, Jr., Oklahoma City, for plaintiffs in error, James B. Diggs, Robert W. Richards, Oklahoma City, Elmer W. Adams, Angus A. Davidson, William M. Taylor, George W. Morrow, Tulsa, Charles B. Wallace, Dallas, Tex. Frank C. Bolton, Jr., New York City, of counsel.

Erwin & Erwin, Chandler, for defendants in error.

PER CURIAM:

This is an appeal from a judgment of the trial court entered pursuant to a verdict of a jury rendered in favor of the plaintiffs there, Benny L. Moore and Mary Lucile Moore and against the defendants there, Socony Mobil Oil Company, Inc., and Gulf Oil Corporation. The Moores will be referred to as plaintiffs, or plaintiff, and defendants will be referred to as such.

Defendants had for a number of years prior to the commencement of this action, and at all times during the time complained of, operated producing oil and gas wells on property owned by the plaintiffs. There had been settlements between the parties for damages done to the property of plaintiffs by reason of escaping salt water, and the last settlement entered into between the parties was on the 21st day of July, 1960.

Plaintiffs claim by their petition that the surface of their land was damaged subsequent to July 21, 1960, the date of the last settlement, by reason of oil and salt water escaping from the operation of the defendants onto the 160 acres of land owned by the plaintiffs. The defendants denied that they had done any damage to plaintiffs' land since the last settlement, and set up other defenses in their answer. After a verdict of the jury in the amount of $2700.00 in favor of the plaintiffs, the defendants perfected this appeal. The defendants assign 25 errors which they allege the trial court committed, but argue all of the claimed errors under two specific propositions.

Their first proposition is listed as:

"An excessive and disproportionate award by the jury resulted from the improper 'mixing' by the trial judge of evidence relating to both permanent and temporary damage to the land and this excessive award was further 'blown' out of proportion by opinion evidence based on a completely false predicate."

By this proposition, defendants claim that there was an "improper mixing" of the evidence relating to both permanent and temporary damage to the lands, and also that the opinion evidence of plaintiff was based on a completely false premise.

We shall first consider the claim that there was a mixing of both permanent and temporary damages in the case. While it is true that evidence was adduced by plaintiff tending to show that growing crops, such as tame grasses, were damaged or destroyed, the trial court very carefully and accurately excluded this element from the consideration of the jury by its instruction number seven. This instruction, which reads as follows:

"You are further instructed that you are not to consider any temporary damages which may be suffered by plaintiffs, such as loss of rental value of the land for pasture purposes and grazing purposes, since under the pleadings and evidence in this case the plaintiffs are limited in their recovery to permanent damage, if any, to their land."

specifically limited plaintiffs in their recovery to permanent damage to said real estate.

The loss of pecan trees which plaintiffs allege they suffered and which they produced evidence to substantiate was allowed for the limited purpose of allowing the

jury to determine what permanent damage was suffered to the land by reason of the specific loss of pecan trees. This is particularly set out and the purposes of it limited by instruction number six of the trial court.

The case of Chicago, R. I. & P. Ry. Co. v. Swinney, 60 Okl. 115, 159 P. 484, clearly shows that it is proper to prove destruction and injury to growing trees. While it is true that in the Swinney case, supra, plaintiffs were permitted to recover for the value of the trees, rather than the diminution in value of the real estate, the Court established that the items could be proved as an injury to the real estate. In the body of the opinion, the Court said:

"Where a thing, whether it be a building, a tree, or a shrub, is destroyed by a wrongdoer, the most natural and best measure of the damage is the value of the thing destroyed as appurtenant to, or part of, the realty; and ordinarily the value of the thing destroyed would be the measure of the injury to the freehold. If for any reason the injury to the realty should be in fact less than the value of the thing destroyed, the plaintiff's recovery would be limited to the actual diminution in value of the realty."

■ In the present case, both plaintiffs and defendants adopted the theory, and the trial court instructed on the theory of diminution in the value of the real estate rather than the specific damage to the trees. Here there was damage claimed to the real estate other than the destruction or damage to the trees. This was covered by the trial court in its instruction number six, which was not excepted to by the defendants, and defendants may not now complain of the instruction. 12 O.S.1961, § 578; Burke v. Scott, Okl., 361 P.2d 272.

■ No complaint is made that the trial court did not properly instruct the jury on measure of damages as to permanent damage to the real estate and we determine that if properly permitted the evidence of growing trees to be considered by the jury in arriving at such permanent

damage. The trial court apparently concluded that there was not sufficient evidence of temporary damages and therefore did not submit that element to the jury. We have not been shown wherein the rights of the defendants could have been prejudiced by this.

■ The second portion of defendants' first proposition is the contention that the trial court improperly permitted plaintiffs to introduce opinion evidence based upon what defendants claim is a "completely false predicate". The defendants claim that each of the plaintiffs' witnesses based his opinion in part upon the assumption that the land of plaintiff was rendered permanently unsuitable for the keeping of livestock because of permanent nonexistence of stock water on the Moore farm. Defendants quote from the case-made at length in an attempt to show that the stock ponds were not permanently contaminated to the extent that they could not be used by livestock. Defendants then cite cases dealing with hypothetical questions and quote the rule that a hypothetical question addressed to an expert must be based upon facts in evidence.

The witnesses in this case were each personally familiar with the real estate, had been upon it on more than one occasion, and were familiar with its changed condition allegedly occurring between times immediately before and after the alleged damages. Hypothetical questions were not addressed to the witnesses.

To support their contention that the opinion evidence was not sufficient to take the issue to the jury because each of the witnesses assumed a fact which defendants claimed was not proved, the defendants quote from 32 C.J.S. Evidence § 568, Subsection 8, as follows:

"The weight or credibility of opinion evidence as to value is for the jury, court, or other triers of the facts to determine, in the light of their own experience and their knowledge of like matters and subjects, and the knowledge, experience, and capability of the witness

to draw a sound conclusion. Such an opinion is not conclusive or binding, and this is true even in a situation in which the opinion is uncontradicted, or is undisputed; it should be weighed by the trier of the facts and judged in view of all the evidence, including, in the case of land, a view, if any was afforded.

"The probative value depends on the facts on which the opinion is based, and if devoid of substantial factual support the opinion is entitled to little or no weight, and will be insufficient to support a verdict or finding or to take the issue to the jury."

Defendants seem to take the position that the matter quoted is authority for refusing to accept the opinion testimony of plaintiffs' witnesses as to the alleged damages to the real estate. It will be noted that the above quoted section specifically points out the probative value depends on the facts on which the opinion is based. It is true that it is also said that if the opinion is *devoid of substantial factual support* the opinion is entitled to little or no weight and will not be sufficient to support a verdict or finding or to take the issue to the jury. It should be noted that in this case, none of the witnesses' opinions were "devoid of substantial factual support", because each of the witnesses testified that he had been upon the premises, and had observed the damage which was done, including damage to pecan trees and to the soil. So, we must conclude that any lack of information which the witnesses may have had would go merely to the probative value of such opinion.

■■ It should also be pointed out that the defendants brought out on cross-examination the fact that the witnesses took into consideration the lack of a sufficient water supply for livestock. In this connection, the above quotation from 32 C.J.S. Evidence § 568 sub-sec. 8 continues on page 596, as follows:

"The effect of contradictions or inconsistency in the testimony of a witness is for the trier of the facts, *and a cross-examination showing insufficient knowledge goes to the weight of the testimony or the credibility of the witness.*" (Emphasis added.)

Since the opinions of plaintiffs' witnesses were not devoid of substantial factual support, and since this matter was brought about in part by cross-examination, if, as defendants claim, the testimony of plaintiffs' witnesses showed insufficiency of knowledge of the facts, this would only go to the probative value of the testimony and the credibility of the witnesses. An instruction was given on expert testimony in the case, and the jurors made a personal inspection or view of the premises. The trial court properly refused to exclude the testimony of these witnesses.

Under their second proposition, defendants argue two specific contentions:

1. That the trial court failed to instruct the jury as to the rights of the defendants to use the pipelines and surface easement over and across plaintiffs' land, and

2. The court failed to instruct the jury that it should not consider damages to growing crops since under plaintiffs' own evidence there were no growing crops on the land.

■ We shall first consider the defendants' claim that the court failed to instruct the jury with respect to the defendants' rights to use the pipe line and surface easements over and across plaintiffs' land. The defendants claim that plaintiffs offered testimony concerning damages which they suffered by reason of these pipe lines being above the surface and refer to certain testimony of the plaintiffs. The plaintiffs did testify about the pipe lines being above the ground and there is no dispute that defendants have a right under their contract and easement to have the lines above the ground. However, a reading of the testimony of plaintiffs concerning the pipe lines shows that plaintiffs were not attempting to show any

damage by reason of the lines being laid on the surface of the ground, but were merely testifying as to the position of the various pipe lines carrying oil and salt water, and testifying as to breaks in order to show and testify as to the points and breaks where the oil and salt water escaped onto plaintiffs' land. The trial court specifically limited any damages which the plaintiffs could recover to that caused by the escaping of oil, or salt water from the pipe lines and other refuse which went onto plaintiffs' land. We fail to see how the jury could have been misled by the trial court refusing to specifically instruct it that the defendants had a right to have their pipe lines on the surface of the land, since this was not an issue in the case.

As to defendants' claim that the trial tribunal failed to instruct the jury that it could not consider damages to growing crops, we have already answered this proposition because the court specifically limited any damages which the plaintiffs could recover to permanent damages to the real estate.

Finding no error in the judgment of the trial court, it is accordingly affirmed.

The Court acknowledges the services of Mr. Vester Songer who, with the aid and counsel of Lon Kile and James Bounds, as Special Masters, prepared a preliminary advisory opinion. These attorneys had been recommended by the Oklahoma Bar Association and appointed by the Court. The Chief Justice then assigned the case to Justice Ben T. Williams for review and study, after which and upon consideration by the Court, the foregoing opinion was adopted.

JACKSON, C. J., IRWIN, V. C. J., and DAVISON, WILLIAMS, HODGES, LAVENDER and McINERNEY, JJ., concur.

BLACKBIRD, J., concurs in result.
BERRY, J, dissents.