Jack BOSSE, Appellant,

v.

IDECO DIVISION OF DRESSER INDUSTRIES, INC., Appellee.

No. 9901.

United States Court of Appeals
Tenth Circuit.

June 25, 1969.

LeRoy Powers, Oklahoma City, Okl., (Charles D. Crandall, Oklahoma City, Okl., was with him on the brief) for appellant.

Robert S. Baker, Oklahoma City, Okl., (John R. Couch, Oklahoma City, Okl., and Pierce, Duncan, Couch & Hendrickson, Oklahoma City, Okl., of counsel, were with him on the brief) for appellee.

Before MURRAH, Chief Judge, and LEWIS and HILL, Circuit Judges.

LEWIS, Circuit Judge.

In this diversity jurisdiction case appellant sought recovery of damages for personal injuries sustained by him when a self-propelled portable drilling rig, driven by appellant, went out of control going down Tehachapi Pass in California, hit an embankment and overturned. Appellant had contracted with appellee to drive the rig from Odessa, Texas to McKittrick, California, and contended that appellee had negligently failed to discover or warn appellant of a "pre-existing" crack in the drive line of the huge vehicle and that the failure of the drive line had proximately caused the accident. Appellee denied negligence in its inspection of the rig prior to turning it over to appellant, denied that the drive line (admittedly broken after the accident) had caused the accident, and asserted that appellant had caused the accident through his own negligent driving of the rig. Both parties relied on expert witnesses in support of their theories and the issues created through the "battle of the experts" were submitted to a jury in the District Court for the Western District of Oklahoma. A general verdict was returned in favor of appellee and this appeal followed, presenting as its sole issue a claim of reversible error in the admission of certain aspects of the testimony of one of the appellee's experts, one Lantz.

Other than appellant, the only eyewitness to the accident was his step-brother, King, who at the time of the accident was following the rig at a distance of

approximately 400 yards and whose account of the accident was taken by the parties in a deposition approximately one year following the accident. At the trial and pursuant to an agreement reached between them both appellant and appellee introduced into evidence portions of the King deposition. In substance, King described the operational conduct of both the machine and appellant from the time the vehicle began its descent down the steep grade of Tehachapi Pass until it overturned. Following the reading of the portions of the deposition, Lantz, whose qualifications as both a mechanical and operational expert of such rigs are unchallenged, was called by appellee and asked to express an opinion as to the cause of the accident based on the evidence theretofore introduced and heard by Lantz. The witness, over appellant's objection, responded by stating that in his opinion the "truck was going too fast" and "in too high a gear." Lantz was then subjected to a thorough cross-examination by appellant's counsel.

Appellant urges that the opinion testimony of Lantz that the accident was caused because the rig "was going too fast" and was driven "in too high a gear" was objectionable because: 1) It was based on the "conflicting" testimony in the deposition of King, 2) it was not in response to a specific hypothetical question whereby the expert was asked to assume the existence of designated facts, and 3) it expressed an opinion on an ultimate fact and thus invaded the province of the jury. We hold that none of these contentions has sufficient merit to require this court to disturb the judgment.

■ The admissibility of evidence in a federal court is a procedural matter to be governed by the application of Rule 43(a), Fed.R.Civ.P., Mutual Life Ins. Co. of New York v. Bohlman, 10 Cir., 328 F.2d 289. Rule 43(a), "the cast of which is toward admissibility, not exclusion," Kirkendoll v. Neustrom, 10 Cir., 379 F.2d 694, 697, in its pertinent part reads

All evidence shall be admitted which is admissible [under the statutes of the United States, or under the rules of evidence heretofore applied in the courts of the United States on the hearing of suits in equity, or] under the rules of evidence applied in the courts of general jurisdiction of the state in which the United States court is held. In any case, the statute or rule which favors the reception of the evidence governs and the evidence shall be presented according to the most convenient method prescribed in any of the statutes or rules to which reference is herein made.

■ Although appellant characterizes the deposition of King as "conflicting" testimony only one specific instance is cited in support of the contention[1] and our own examination of the record reveals no material conflict in King's account of the incident. The witness' description of the rig's trip, beginning from a dead stop at the crest of the downgrade and ending with its overturn some two and a half miles later, is given with considerable detail and supplies sufficient operational facts to support a foundation for an expert opinion as to why control was lost. H & H Supply Co. v. United States, 10 Cir., 194 F.2d 553; Owens v. Oklahoma Turnpike Authority, 283 P.2d 827, appeal dismissed 350 U.S. 893, 76 S.Ct. 155, 100 L.Ed. 785.

■ The contention that expert opinion must be presented by examination through hypothetical questions specifi-

---

1. At one time in the deposition King testified that when he first saw the rig brakes smoking he was following at a rate of 65 MPH and at another time testified that he was going 30 MPH when he first saw the brakes smoking; however, whatever confusion arose therefrom was suf-ficiently cleared up by his subsequent testimony that although he was going approximately 30 MPH when he first saw the brakes smoking, the last time he looked at his speedometer he was traveling at a rate of 65 MPH.

cally premised upon evidentiary facts is both ill founded as a generality, Socony Mobil Oil Co. v. Moore, Okl., 431 P.2d 328,[2] and is not supported as a procedural occurrence in the case at bar. Although it is true that appellee's counsel in questioning Lantz did not ask specific hypothetical questions based on his restatement of the evidence, he did make it clear both to the court and Lantz that in asking Lantz to express an opinion as to causation based on a consideration of the facts revealed in King's deposition, he was asking Lantz to consider such facts as hypothetically given and to assume their truth. The test of admissibility remains, however, not how the facts are presented to the expert but whether the expert opinion is founded on substantial factual support. Socony *supra.* The soundness of this rule is highlighted in the case at bar for even if it could be said that the questions as propounded by appellee's counsel were in violation of the "applicable" rules of evidence and that the court erred in failing to exclude Lantz's testimony based thereon it could not be said that the "refusal to take such action appears * * inconsistent with substantial justice." Rule 61, Fed.R.Civ.P. If prejudice resulted from appellee's counsel's failure to restate the evidence in a hypothetical question and from Lantz's reliance on the King deposition it was clearly dissipated by appellant's cross-examination of Lantz,[3] Dunagan v. Appalachian Power Co., 4 Cir., 33 F.2d 876, 878, cert. denied 280 U.S. 606, 50 S.Ct. 152, 74 L. Ed. 649, and by the court's instruction that

> [y]ou should consider each expert opinion received in evidence in this case and give it such weight as you think it deserves and you may reject any expert opinion entirely if you conclude that the reasons given in support of the opinion are unsound.

■■ Finally, as to appellant's contention that Lantz's opinion should have been excluded because it expressed an opinion on an ultimate fact question, we start with the proposition that the admission of expert testimony must be left to the sound discretion of the trial court and "[i]t is only when the proffered evidence is clearly within the comprehension of a layman that we will disturb its judgment." Clifton v. Mangum, 10 Cir., 366 F.2d 250, 253; Garza v. Indiana & Michigan Electric Co., 6 Cir., 338 F.2d 623; Dickerson v. Shepard Warner Elevator Co., 6 Cir., 287 F.2d 255.[4] Appellant in objecting to the admission of Lantz's opinion on causation does not contend that it was a matter within the knowledge and understanding of an average layman, nor can we say that the matter is "clearly within the comprehension of a layman"; accordingly we find no abuse of the court's discretion in the admission of Lantz's testimony.

The judgment is affirmed.

---

2. In Socony the Supreme Court of Oklahoma held that the expert opinions therein were admissible even though "[h]ypothetical questions were not addressed to the witnesses." *Also see* the Preliminary Draft of Proposed Rules of Evidence for the United States District Courts and Magistrates where the authors thereof in Rule 7–05 propose that "[t]he expert may testify in terms of opinion or inference and give his reasons therefor without prior disclosure of the underlying facts or data, unless the judge requires otherwise. The expert may in any event be required to disclose the underlying facts or data on cross-examination."

3. Appellant was given and took advantage of the opportunity to cross-examine Lantz and in so doing was able to obtain an admission from Lantz that it was also consistent with the facts revealed in the King deposition that the precipitating cause of the accident was the failure of the drive line, i. e. it caused the rig to speed up which in turn resulted in brake failure, and not vice versa as he testified to on direct examination.

4. *Also see* the Preliminary Draft of Proposed Rules of Evidence for the United States District Courts and Magistrates where the authors therein in Rule 7–04 suggest "[t]estimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact."