**Dorris F. DESHELES et al., Plaintiffs-Appellants,**

v.

**T.W. & C.B. SHERIDAN COMPANY et al., Defendants-Appellees.**

**No. 72–1957.**

United States Court of Appeals, Sixth Circuit.

Argued April 18, 1973.

Decided Aug. 2, 1973.

James A. Tuck, Detroit, Mich., for plaintiffs-appellants; Goodman, Eden, Millender, Goodman & Bedrosian by Paul A. Rosen, Detroit, Mich., on brief.

John W. Mason, Detroit, Mich., for defendant-appellee, T.W. & C.B. Sheridan Co.; Martin, Bohall, Joselyn, Halsey & Rowe, Detroit, Mich., on brief.

Before EDWARDS and MILLER, Circuit Judges, and LAMBROS *, District Judge.

LAMBROS, District Judge.

Plaintiff-appellant appeals from a verdict for the defendants-appellees in a products liability trial. The issue presented by this appeal is whether the admission of a hearsay statement of the only claimed eyewitness to the injury constitutes reversible error when the out-of-court declarant is available but does not testify.

Appellant sought recovery for the amputation of his right arm below the elbow by a power press manufactured by appellee Sheridan Company ("Sheridan") and leased to appellant's employer by appellee Greyhound Leasing & Financial Corporation ("Greyhound"). At trial, appellant claimed that the injury resulted when he was working near the press and his arm, which was raised to break a fall, entered an opening negligently left unguarded in the power press. Appellees defended on the basis of contributory negligence, claiming that appellant's injury resulted when he intentionally placed his arm in the operating press to remove material from it, a procedure in contravention of operating regulations.

The evidence showed that only one person, Buddy Dean Casey, was working near appellant at the time of the injury, although a second worker, Leo Jankowski, had observed appellant cleaning the press several minutes prior to the injury. When interviewed by a company representative immediately after the injury occurred, Casey indicated that appellant intentionally placed his hand in the press. However, when later deposed in connection with the case, Casey denied having seen the occurrence. Al-

* Honorable Thomas D. Lambros, United States District Judge for the Northern District of Ohio, sitting by designation.

though apparently available, Casey was never called to testify at trial.[1]

Appellees' reliance upon the out-of-court declaration by Casey is apparent in the first instance from appellee Greyhound's opening statement at trial:

"I suggest to you that the facts on this case will show that the tragic occurrence to the Plaintiff in this case was occasioned solely by his own counsel and his own misfortune of slipping.

I suggest to you that a fellow employee, a Mr. Casey, from whom a stenographic statement was recorded by a Court Reporter a very short time after this accident, says he saw the plaintiff in this case reaching into the back of the machine.

Now, it is true that there are arguments both ways. The facts will also probably show that Mr. Casey says that he can't remember making the statement. You will hear throughout this trial words such as Deposition; Pre-trial Discovery, other matters that are gone into. As you will hear, probably in the Deposition of Mr. Casey, that he forgot or doesn't remember making that statement.

Although promising to the jury to introduce Casey's testimony at trial, the appellees presented no evidence related to Casey's statement except that which was elicited from appellant on cross-examination. After repeated inquiry regarding appellant's failure to call Casey as a witness, appellee Sheridan's counsel was able to obtain the italicized portion of statement which is in issue:

Q. You didn't make any inquiry of Buddy Dean Casey when he stopped over just before his deposition whether he had seen you fall?

A. No, sir, I didn't discuss it with him, because I'm not interested in Buddy Dean Casey after he made his first statement. I heard about it at the plant.

Q. After he made what?

A. The first statement at the plant.

Q. Can you tell us what that is?

A. No, sir, I can't, because I never saw it.

Q. You mentioned that you are not interested in Buddy Dean when you heard about some statement at the plant?

A. Since I heard about it. Now, whether what I heard was true, I don't know, because I never discussed it with the boy.

Q. Was that statement something that you didn't like?

A. Yes, quite a bit.

Q. Did you inquire when Buddy Dean Casey came over to your house why he made the statement?

A. No, sir.

Q. Do you know what the statement is?

A. No, sir, I don't.

Q. You don't know that the statement was?

A. Nothing more than just what I heard the boys talk about around the plant.

Q. You say you don't know what the statement is, but you dislike what you heard?

A. Yes, sir.

Q. I don't understand, Mr. Desheles. How can you dislike something when you don't know the content of it, anything about the contents?

A. It's just the way it sounds to me.

Mr. Tuck: Your Honor, I'd just like to place an objection. I am afraid we are asking this witness to testify to hearsay.

The Court: No. This is cross-examination. It is perfectly proper.

---

1. Counsel for appellee mentioned at the time of arguments on this appeal that there may have been a mistake regarding a subpoena of Casey and his failure to appear. However, there is no evidence that appellees attempted to find out the reason for the nonappearance or to request a continuance so as to secure Casey as a witness.

Mr. Tuck: Thank you, your Honor.

Mr. Mason: Thank you, your Honor.

Q. (By Mr. Mason). So, Mr. Desheles, there is some substance that, or something that Mr. Casey said that you don't like; is that correct?

A. Yes.

Q. I'd like you to tell me what this is that you don't like?

A. Well, I don't like the idea—

Mr. Tuck: Your Honor, I am again going to object. I think what he is asking this witness to do is to testify to what Mr. Casey said, and I don't think a proper foundation has been laid for that. And, in addition, it's hearsay.

The Court: You are overruled.

A. *I didn't like the idea that he told —the boys was telling me that he said he saw me stick my arm in the press, because I know he couldn't see that.*

Appellant's testimony regarding the rumor as to Casey's previous statement was further emphasized in the closing argument by appellee Sheridan's counsel. He not only discussed appellant's testimony but also read to the jury that portion of the transcript which is italicized above, referring to it as "the testimony of Casey" and citing it with respect to the truth of the matters stated by Casey.

■■ The admissibility of the statement in question is governed by federal procedural law. Faircloth v. Lamb-Grays Harbor Co., Inc., 467 F.2d 685 (5th Cir. 1972); Bosse v. Ideco Division of Dresser Industries, Inc., 412 F.2d 567, 569 (10th Cir. 1969); Bryant v. Sears, Roebuck Co., 435 F.2d 953, 955 (4th Cir. 1970). Generally, the federal courts have been liberal in permitting the admission of evidence if there is any theory justifying its admission and have given the trial judge broad discretion in

making this determination. Rule 43(a), Federal Rules of Civil Procedure; Household Goods Carriers' Bureau v. Terrell, 452 F.2d 152 (5th Cir. 1971). However, with regard to hearsay statements in the case of a person available to testify, the Advisory Committee to the Proposed Federal Rules of Evidence has taken the position that such evidence should be admitted only when the statement possesses "circumstantial guarantee of trustworthiness sufficient to justify nonproduction of the declarant in person at the trial." Advisory Committee's Note to Rule 803, Proposed Federal Rules of Evidence, 56 F.R.D. 183 (1973).[2] See also 5 Wigmore, Evidence §§ 1420, 1422 (3rd Ed.); G. & C. Merriam Co. v. Syndicate Pub. Co., 207 F. 515, 518 (2d Cir. 1913) (J. Learned Hand).

■ In this case, the admission of testimony from appellant regarding Casey's prior statement as appellant heard of it from "the boys" was clearly erroneous and prejudicial. The statement had none of the circumstantial guarantees of trustworthiness recognized as exceptions to the hearsay rule in the case of an available witness. See Rule 803, Proposed Federal Rules of Evidence, 56 F.R.D. 183 (1973); Wigmore, Evidence §§ 1420 et seq. (3rd Ed.); McCormack, Law of Evidence §§ 223–304 (1954 Ed.). The error is especially harmful because the out-of-court declarant, Casey, was apparently the only eyewitness to the occurrence and key to the defense of contributory negligence. Moreover, appellee's promise of testimony from Casey on the issue of contributory negligence together with the reference to appellant's statement as the "testimony of Casey" in appellee's closing argument compounded the prejudice.

The judgment of the District Court is, therefore, reversed and the case remanded for a new trial.

**2.** Although the Proposed Rules are not presently binding, they have been approved by the Supreme Court and should therefore be given special consideration. See P.L. 93–12, 93d Congr., S. 583, 87 Stat. 9 (March 30, 1973) (delaying until further Congressional action the effective date of the Proposed Rules).