**Wilma HUFF, Appellant,**

v.

**J. G. DUNCAN, Appellee.**

**No. 46957.**

Court of Appeals of Oklahoma, Division No. 1.

Dec. 3, 1974.

Released for Publication by Order of Court of Appeals Dec. 26, 1974.

J. R. Hall, Jr., Melvin O. Miller, Miami, for appellant.

Wallace & Owens, by Robert S. Gee, Miami, for appellee.

BOX, Presiding Judge:

An appeal by Wilma Huff, Plaintiff in the trial court, from a jury verdict in favor of J. G. Duncan, defendant, arising out of an automobile accident.

The accident, out of which this lawsuit arose, occurred at an open or uncontrolled intersection of two county section line roads two miles north of Bluejacket, Oklahoma on September 26, 1969. Plaintiff and defendant were each alone in their cars. Plaintiff was driving north and the defendant was driving east along their respective county roads so that the plaintiff was approaching the intersection from defendant's right. There was no testimony as to exactly where the point of impact occurred except that the plaintiff testified that she was on her side of the road going north when the defendant shot out in front of her and she hit him.

The plaintiff also testified that there were trees and bushes grown up around the southwest corner of the intersection high enough that a car traveling east and approaching the intersection from the west could not be seen over them. The plaintiff estimated that she had been driving about 50 miles per hour and that she had slowed down to around 25 or 30 miles per hour on approaching the intersection. She also testified that the road upon which she was traveling was blacktopped and that the road on which the defendant was approaching was a dead-end gravel road. The defendant was apparently knocked unconscious by the impact and testified that he could not remember anything from the time he left home before the accident until four days later at the hospital.

Trial of the case resulted in a verdict for the defendant. Motion for New Trial was timely filed and overruled and this appeal is taken from the judgment of the court overruling plaintiff's Motion for New Trial.

*Appellant alleges error as follows:*

## "PROPOSITION I.

"The trial court erred in giving Instruction # 2 to the effect that the vehicle first into the intersection has the right of way and in refusing plaintiff's requested Instruction # 2 setting forth the correct statutory rule."

*Appellee contends in main as follows:*

"Where no exception is taken to an instruction in the trial court, error in giving the instruction will not be considered on appeal."

The Oklahoma Supreme Court has long been committed to the principle that the requirements of 12 O.S.1961, § 578 are essential in order to raise the question of error in giving or refusing a particular instruction. Chaney v. Lackey, 204 Okl. 398, 230 P.2d 720; Louis Berkman Co. v. Unger Metals Corp., 190 Okl. 101, 121 P.2d 606.

In an unbroken line of cases the Oklahoma Supreme Court has held that the Oklahoma Statutes dealing with exceptions to instructions are mandatory, and unless the requirements have been complied with, complaints regarding the instructions given or refused will not be reviewed on appeal. Harness v. McKee-Brown Lumber Co., 17 Okl. 624, 89 P. 1020; American National Bank of Wetumka v. Hightower, 184 Okl. 294, 87 P.2d 311; Local Federal Savings and Loan Ass'n of Oklahoma City v. Sickles, 196 Okl. 395, 165 P.2d 328; Gaskins v. State ex rel. Dept. of Highways, Okl., 425 P.2d 979; Socony Mobil Oil Co. v. Moore, Okl., 431 P.2d 328; Basden v. Mills, Okl., 472 P.2d 889.

Appellant in her reply brief makes the following statement:

"After diligent search of the prepared transcript of the trial of this matter and conference with the trial Judge and the Court Reporter herein, Plaintiff is reluctantly forced to conceed (sic) that there is no record of Plaintiff's objection and exception to the trial court's instruction of which Plaintiff has complained. The attorney for Plaintiff firmly believes that objection and exception to said instruction was, in fact made, but due to the passage of time neither the trial judge nor court reporter has any specific recollection in regard thereto.

"Plaintiff must agree that this court has traditionally held that the requirements of 12 O.S. 578 must be strictly complied with. However, we would point out that that statute was amended in 1969 to change the manner of making exceptions from that of writing on the face of the instructions to dictating the exception into the record. We can find no cases dealing directly with the amended statute and all of the cases on this point cited by Defendant were decided before the amendment with the exception of Basden v. Mills, (Okl.1970) 472 P.2d 889, which does not mention the amendment."

In addition to the cases set out by appellee, the Supreme Court in the case of McKee v. Neilson, Okl., 444 P.2d 194, held that "the purpose of requiring objections to instructions before reading them to the jury is to inform court of any defect or irregularity in order that court may be informed and correct any error." Furthermore, the Court in the case of Rogers v. Worthan, Okl., 465 P.2d 431, held where plaintiff in error failed to reserve objections to instructions in manner required by statute, instructions would be reviewed only to determine if they were free from fundamental error.

Appellant's contention that no cases have been decided by the Supreme Court regarding 12 O.S.Supp.1969, will be answered by this court. 12 O.S.1961, § 578 read as follows:

"A party excepting to the giving of instructions, or the refusal thereof, shall not be required to file a formal bill of exceptions; but it shall be sufficient to write at the close of each instruction 'Refused and excepted to,' or, 'Given and excepted to,' which shall be signed by the judge."

12 O.S.Supp.1969, § 578 reads as follows:

"A party excepting to the giving of instructions, or the refusal thereof, shall not be required to file a formal bill of exceptions; but it shall be sufficient to make objection thereto by dictating into the record in open court, out of the hearing of the jury, after the reading of all instructions, the number of the particular instruction that was requested, refused and is excepted to, or the number of the particular instruction given by the court that is excepted to. Provided, further, that the court shall furnish copies of the instructions to the plaintiff and defendant prior to the time said instructions are given by the court."

The procedure outlined in 12 O.S. 1961, § 578 required an abundance of paper work and signatures by the trial judge and was, to say the least, a time consuming method for both the trial judge and the attorneys. The Legislature in their wisdom amended the statute to allow among other things, the attorneys to dictate into the record their objections to instructions by number that were requested refused and excepted to, or the number of the particular instruction given by the court. In addition to making the procedure less cumbersome, the amendment provided the attorneys an opportunity to study the proposed instructions before their being read to the jury by the trial judge. Thus, there is a better opportunity for all parties to make sure the jury is properly instructed.

We hold that the 1969 amendment, supra, did not relieve the attorney of following the procedure outlined in order to preserve objections for appeal purposes, for the same reasons as set out by the Supreme Court in McKee v. Neilson, supra.

We have reviewed the instructions and find them free from fundamental error; we therefore affirm. Rogers v. Worthan, Okl., 465 P.2d 431.

Affirmed.

ROMANG and REYNOLDS, JJ., concur.